JAMES I. WAKEFIELD, Respondent, *v.* WILLIAM G. FARGO et al., Appellants.

The Same Respondent *v.* HENRY D. FELTER et al., Appellants.

Under the provision of the act of 1863 (§ 2, chap. 63, Laws of 1863), "to extend the operation and effect" of the General Manufacturing Act,

which provides that the corporations formed under it " shall be subject to all the provisions, duties and obligations " of the original act, the provision of said act (§ 18, chap. 40, Laws of 1848), making stockholders " liable for all debts that may be due and owing to their laborers, servants and apprentices for services performed for such corporation," is made applicable to stockholders of corporations organized under said act of 1863.

Where stock in such a corporation is transferred by one acting as agent for the owner, and the assignee receives a certificate and appears as a stockholder on the books of the corporation, he is, as between himself and the creditors of the corporation, a stockholder.

One employed at a yearly salary as a book-keeper and general manager is not a laborer, servant or apprentice within the meaning of the provision last mentioned.

*It seems* that the services referred to are menial or manual services performed by one of a class whose members usually look to the reward of a day's labor or service for immediate or present support.

(Argued May 31, 1882; decided October 17, 1882.)

THESE are appeals from judgments of the General Term of the Supreme Court, in the third judicial department, entered upon orders made February 11, 1881, which affirmed judgments in favor of plaintiff, entered upon a decision of the court on trial without a jury.

These actions were brought by plaintiff as assignee of the claims for services of certain alleged laborers and servants of The High Rock Congress Spring Company, a corporation organized under the act, chapter 63, Laws of 1863, to enforce the liability imposed by section eighteen of the General Manufacturing Act (Chap. 40, Laws of 1848) upon stockholders.

Defendant, Judson, denied that he was a stockholder. It appeared that the stock of the corporation was issued in payment for certain real estate, a part to Catharine Ainsworth. This stock was subscribed for and entered on the books as follows: " Catharine Ainsworth, Seymour Ainsworth, agent." The latter was the husband of the former; he transferred twenty-five shares of the stock to Judson, signing it " Seymour Ainsworth, agent." The transfer was entered on the books of the company, and a certificate for the stock issued to and received by Judson.

The further material facts are stated in the opinion.

*R. W. Peckham* for appellants Davidson, Fargo and Felter. The liability claimed in this case exists solely as a liability imposed by statute and that liability is in the nature of a penalty and nothing else. (*Health Department of New York* v. *Knoll,* 70 N. Y. 530; *Chase* v. *Lord,* 77 id. 1; *Bonnell* v. *Griswold,* 80 id. 128.) The legislature omits the personal liability clause when it does not design to impose such a liability upon the stockholders. (See Laws of 1851, chap. 14, p. 16.) The statute was designed to protect persons unable to protect themselves by reason of the character of the laborer, a class supposed and assumed to be ignorant, careless and weak. It never was designed to enable the general officers or superintendent of a corporation to continue its business with means insufficient to do it, and to look to the stockholders for their salary. (*Dean* v. *De Wolf,* 16 Hun, 186; 82 N. Y. 626; *Krauser* v. *Russell,* 17 Hun, 463; *Aikin* v. *Watson,* 24 N. Y. 482; *Coffin* v. *Reynolds,* 37 id. 640; *Balch* v. *R. R. Co.,* 46 id. 521; *Hill* v. *Spencer,* 61 id. 274; *Ericsson* v. *Brown,* 38 Barb. 390.) The statute should be strictly construed and should not be extended beyond its literal terms or beyond the case of its fair equity. (70 N. Y. 530; 77 id. 1; 80 id. 128.) The mere crediting of the debt on the books of the company had nothing to do with the debt being due. (*Jagger Iron Co.* v. *Walker,* 76 N. Y. 521.)

*Charles S. Lester* for appellant Judson. Clark was the book-keeper and general manager of the company and did not fall within the class of "laborers, servants and apprentices," for whose services stockholders are made liable. (*Ericson* v. *Brown,* 38 Barb. 390; *Coffin* v. *Reynolds,* 37 N. Y. 647; *Dean* v. *De Wolf,* 16 Hun, 186; *Gurney* v. *Allan & G. W. R. R. Co.,* 58 N. Y. 367; *Balch* v. *N. Y. & O. Midland R. R. Co.,* 46 id. 521; *Hill* v. *Spencer,* 61 id. 274; *Aikin* v. *Wasson,* 24 id. 482; *Coffin* v. *Reynolds,* 37 id. 640; *Stryker* v. *Cassidy,* 76 id. 53.)

*Mathew Hale* for respondents. If the certificate be regarded as filed under the act of 1863, the provisions of the act

of 1848, as to the personal liability of stockholders, are applicable to the stockholders in this company. (*Holmes* v. *Curley*, 31 N. Y. 289 ; Angell & Ames on Corp., § 1 ; 1 Kyd on Corp., 13, 15, 16 ; *Roosevelt* v. *Brown*, 1 Kern. 149, 152.) The provision of the second section, that the corporation shall be subject to certain provisions, duties and obligations, means not only the aggregate, but, by fair construction and intendment, extends to the individuals who compose it, the trustees, officers and stockholders.    (*Maillard* v. *Lawrence*, 16 U. S. 260 ; *Donalson* v. *Wood*, 22 Wend. 397 ; *Perry* v. *Skinner*, 2 M. & W. 471.)    There is nothing in the argument that a statute imposing a personal liability upon a stockholder of a corporation is a penal statute and should be strictly construed. (*Ex parte Van Riper*, 20 Wend. 614 ; *Corning* v. *McCullough*, 1 Conn. 47, 53 ; *Conant* v. *Van Shaick*, 24 Barb. 87, 96, 97 ; *Bailey* v. *Bancke*, 3 Hill, 188 ; *Richardson* v. *Abendroth*, 43 Barb. 162 ; *Morse* v. *Averill*, 10 N. Y. [6 Seld.] 449 ; *Jackson* v. *Warner*, 32 Ill. 331.) The object of the act of 1863, as expressed in its title, is to extend the operation and effect of the act of 1848, not to restrict or modify it. (Potter's Dwarris on Statutes, 103 ; *People* v. *Utica Ins. Co.*, 15 Johns. 358.) There was no error in holding that the assignors of plaintiff, whose claims were allowed, were "laborers" or "servants" within the meaning of the eighteenth section. (*Hovey* v. *Ten Broeck*, 3 Rob. 316 ; *Kincaide* v. *Dwinelle*, 59 N. Y. 548 ; *Williamson* v. *Wadsworth*, 49 Barb. 294 ; *Harris* v. *Norvell*, 1 Abb. N. C. 127.)

DANFORTH, J.    We agree with the General Term in the conclusion that "The High Rock Congress Spring Co.," was organized under the act of 1863, chapter 63, entitled "An act to extend the operation and effect of the act passed February 17, 1848, entitled 'An act to authorize the formation of corporations for manufacturing, mining, mechanical, or chemical purposes;'" and that by the provisions of section two, the stockholders composing it became subject to the liabilities imposed by section eighteen of the original act, and therefore

"liable for all debts that may be due and owing to their laborers, servants and apprentices for services performed for such corporation."

We also agree with that court in the opinion that the appellant Judson, was as between himself and the creditors of the corporation, a stockholder, and so within the purview of that section. He held the certificate of stock, and the books of the company disclosed this to be his relation to it. By admissions in the pleadings, the other appellants occupy the same position. But there is error in the judgment to the extent of the "Clark" claim. He was not within the meaning of the act, a "laborer, servant, or apprentice." It is true he is characterized in the findings, in general terms, as both "laborer" and "servant," but specifically is described as the book-keeper, and general manager of the company, and his duties accord therewith. He kept an account of all the receipts and disbursements of the company, and in the absence of the superintendent, had the charge and control of its business. He "worked by the year," was employed at a yearly salary of $1,200, and it is an indebtedness so created which has been allowed in this action.

A stockholder is not liable for the general debts of a corporation, if the statute creating it has been complied with. The clause in question creates a privileged class, into which none but the humblest employes are admitted, and the distinction which in practical life is easily discernable between president, director, officer, agent, and laborer, at once disappears in the face of such a judgment as we have before us. Clearly a distinction is made by the statute. The stockholder must pay, not debts due to all employes of the company, but those due to "laborers, servants, and apprentices," and not all debts due to them, but only such as are due for "services" performed for such corporation. It is plain we think, that the services referred to are menial or manual services — that he who performs them must be of a class whose members usually look to the reward of a day's labor, or service, for immediate or present support, from whom the company does not expect credit,

and to whom its future ability to pay is of no consequence; one who is responsible for no independent action, but who does a day's work, or a stated job under the direction of a superior. (*Gordon* v. *Jennings*, L. R., 9 Q. B. D. 45; *Dean* v. *De-Wolf*, 16 Hun, 186, affirmed 82 N. Y. 626.) Such persons are described in the common law, in terms adopted, as is reasonable to suppose, in the statute before us. Speaking of master and servant, Blackstone (B. 1, chap. 14), says: " The first sort of servants acknowledged by the law of England, are menial servants. Another species of servants are called apprentices. A third species of servants are laborers, who are only hired by the day or the week." He also speaks of "stewards, factors, and bailiffs," as perhaps constituting a fourth class. But this, doubtingly, " because they serve in a superior, ministerial capacity," and in view of the declarations already made by this court as to the object of the statute (*Coffin* v. *Reynolds*, 37 N. Y. 640; *Gurney et al.*, v. *Atlantic & Great Western Railway Co. et al.*, 58 id. 367; *Aikin, Administrator*, v. *Wasson*, 24 id. 482; *Stryker* v. *Cassidy*, 76 id. 53; 32 Am. Rep. 262), it may be added that as such individuals occupy positions, and are usually of such capacity as enables them to look out for themselves, they are not within the privilege of the statute. To the language of the act must be applied the rule common in the construction of statutes, that when two or more words of analogous meaning are coupled together, they are understood to be used in their cognate sense, express the same relations, and give color and expression to each other. Therefore, although the word " servant " is general, it must be limited by the more specific ones, " laborer and apprentice " with which it is associated, and be held to comprehend only persons performing the same kind of service that is due from the others. It would violate this rule to hold that the intermediate, or second class, represented a higher grade than the class first named.

A general manager is not *ejusdem generis* with an apprentice or laborer; and although in one sense he may render most valuable services to the corporation, he would not in popular

language be deemed a servant. The word used is no doubt broad enough, and might without exaggeration, represent all persons connected with the administration or furtherance of the affairs of a corporation; in this instance, from the one who dips or bottles the water, to the president, but this would manifestly be too general. " Laborer or apprentice " are words of limited meaning, and refer to a particular class of persons employed for a defined and low grade of service performed as before suggested without responsibillity for the acts of others, themselves directed to the accomplishment of an appointed task under the supervision of another. They necessarily exclude persons of higher dignity, and require that one who seeks his pay as servant, should be of no higher grade than those enumerated as laborers or of lesser quality. A statute which treats of persons of an inferior rank cannot by any general word be so extended as to embrace a superior; the class first mentioned is to be taken as the most comprehensive " *specialia generalibus derogant* " (Blackstone's Intro., section 3; *Sandiman* v. *Breach*, 7 B. & C. 96; *Reg.* v. *Cleworth*, 4 B. & S. 927; *Kitchen* v. *Shaw*, 6 A. & E. 729; *Branwell* v. *Penneek*, 7 B. & C. 536; *Williams* v. *Golding*, L. R., 1 C. P. 69; Broom's Maxims, 625; *Smith* v. *People*, 47 N. Y. 337, ALLEN, J.)

The decisions already made by us, and above cited, also seem to exclude the claim in question. No two cases are alike, but the principle on which the ones referred to were decided, control here. On the other hand the respondent brings to our attention *Hovey* v. *Ten Broeck* (3 Rob. 316), where a conclusion was reached that the plaintiff, "a man of all work," who had a complete supervision of the property, men, and business of the company, who also kept their books, and was to receive for his services, at the rate of $500 per annum, was as to some matters a laborer, and others a servant, upon the ground that as " laborer " he performed manual work, and at other times as " servant " rose above it. When he did that we think he went beyond the statute. The word " servant " must be construed by its associates. It stands between " laborer " and " apprentice," and can represent no higher degree of employ-

ment. In *Kincaid* v. *Dwinelle* (59 N. Y. 548), also cited, the question was not presented.

The claim of Clark was improperly allowed, and the judgment should be modified, by striking the Clark claim and all interest thereon from the record, and so modified, it should be affirmed, without costs in this court to either party.

All concur.

Judgment accordingly.