# City Court.

*Trial Term—March.* 1886.

## THADDEUS SHERMAN *against* GEORGE W. HERBERT.

A book-keeper is not a laborer within the meaning of the general manufacturing act, and the fact that he was to be paid by the week does not change the result. The nature of the service to be rendered, and not the mode of payment, determines whether the employee is a laborer or not within the statute.

Trial by the court without a jury.

McAdam, Ch. J.—The defendant, as a stockholder of a corporation created under the general manufacturing act (*Laws* 1848, chap. 40) is sought to be personally charged with a debt of the company, on the ground that the plaintiff, who performed services as a book-keeper, is a "laborer" within the meaning of section 53 [18] of the act, which makes stockholders personally liable for such debts. But a bookkeeper is not a laborer with the meaning of the act (Wakefield *v.* Fargo, 90 *N. Y.* 213). It is contended, however, that the case cited applies only to one whose compensation is determined by a yearly salary, whereas the plaintiff was to be paid by the week. The attempted distinction is without merit. The character of the employment, and not the rate of compensation or mode of payment, determines whether an employee is a laborer or not within the meaning of the act in question. The proposition seems too clear for discussion, but if any

argument is required to support the view declared, it will be found in the case cited.

Upon this ground, the complaint will be dismissed, with costs.