By the Court.—Sedgwick, Ch. J.
The learned counsel for the respondent supports the claim to recover for liabilities incurred by the company, after payment of the capital and the recording of the certificate, by this sentence of the 9th section of the charter: “ and when the stock held by such stockholder shall be full paid stock, then to the extent of said stock only with costs,” etc.
The words “full paid stock ” do not refer to the whole capital stock of the company. They refer to stock held by the stockholder individually, for which or upon which the full amount which should have been paid, has been paid. By the charter, commissioners in the first instance, and afterwards the directors, take subscriptions to the capital stock, to a gross amount, as directed by the act. Some of the subscribers may pay the full amount due under their subscriptions, and cannot be called upon by the directors for further payment. ■ Others may fail to pay the whole, or a part of the amount due under their subscriptions. Or the amount of the capital fixed under the law, may. be subscribed for only in part, and that part may be fully paid for. In such case, the stock that had been entirely paid for, would be “ full paid,” while at the .same time the whole amount of the capital had not been paid in. The sentence of the section expressly refers to stock, as severally held by a stockholder, and not to the capital stock taken as a whole.
The next question is, what is the liability of a holder of such “ full paid ” stock ? The sentence in view does not describe it. Therefore, there would be none, but for the implied reference to the earlier part of the section. This earlier part creates a liability “ for all debts and contracts made by such company”......“until the whole amount of the capital stock fixed and limited by such company, shall have been paid in, and become full stock,” and a certificate thereof recorded. The respondent’s counsel, in the course of the argument, admits or claims *147 that this means debts and contracts “made” before the certificate has been recorded. This earlier part of the ■section creates no liability for debts “ made ” after the payment of the capital and the recording of the certificate. As the later part refers the liability to the preceding matter, there was created by the section no liability for debts or contracts incurred or made after the recording of the proper certificate.
On the argument, there was no assertion in behalf of the respondent that the capital had not been paid in fully, and a certificate of that recorded, before the indorsement of the note of November 27, 1878, and the recovery of judgment for costs and disbursement in the ■action against the company.
I am, therefore, of the opinion that the plaintiff should not have recovered for any part of that note, or for the costs and disbursements in the action.
I think the recovery for interest on the amount of the •debt of the company before this action was begun, was correct, if the recovery is not objectionable for other reasons. The principal and interest, down to the beginning of the action, were not together more than the amount of shares held by the defendant.
The statute of limitations was pleaded to the supposed causes of action. The action was not brought, until after six years from the time the company had failed to pay its obligations, with which this defendant is here charged. This defense should have been sustained if the 9tlx section of the charter is the only statute to be considered, for then a liability, upon which an action could be begun, Avould exist at least as soon as the company had neglected or refused to pay its debts, or perform its contracts, the capital not being paid and a certificate thereof recorded. The respondent contends that another statute is to be considered, in the provisions of section 24 of the general manufacturing act of 1848 (2 R. S., 6 ed., p. 508, § 59 [24]): “No stockholder shall be personally liable for the payment of any debt contracted by a *148 company formed under this act, which is not to be paid, within one year from the time the debt is contracted, nor unless a suit for the collection of such debt shall be brought against such company within one year after the debt shall have become due,......nor until an execution against the company, shall have been returned unsatisfied in whole or in part.” The 10th section of the manufacturing act had, in its words, said generally that stockholders should be hable for the company’s debts. The form of the provision is substantially the same as the first ¡Dart of the 9th section of the charter, in this case. The 9th section of the charter also provides that the corporation shall possess all the general powers and privileges, and be subject to all the liabilities conferred and imposed upon corporations organized under “ the general manufacturing act, as amended....... when the provisions thereof are not inconsistent with the express provisions of this act.” It is argued that a stockholder is a part of the corporation under the charter and therefore has the privileges of a stockholder, under the section 24 of the manufacturing act, and among the others, the privilege of not being sued for the debts of the company until after a return of an execution upon a judgment obtained against the company in an action upon its contract. If this position is valid the statute of limitations is not a defense. This action was begun within six years after the return of such an execution, in an action against the company brought in due time.
In the beginning, let it be conceded that a stockholder is a part of the corporation. It is then to be ascertained what are the “privileges” intended by the 9th section of the charter. The words are the “ general powers and privileges.” According to the ordinary use-of words, the word “ general ” qualifies “ privileges,” as it does “ power.”- The meaning is “general privileges.”" I am of opinion that the “ privileges ” meant, are such as would belong to the whole of the corporation, as a. *149 -corporation, and not a particular privilege, that would belong to a particular part oí a corporation. The limited character of the privilege claimed, shows that it is not general as to all the parts of a corporation, for it ■ does not refer to the corporation as a legal person. Its subject matter is not general, for the regulations that contain it are based upon a particular combination of facts.
I am of opinion however, that the 24th section of the manufacturing act does not contain a privilege whether general or otherwise, of a kind intended by the 9th section of the charter. The privilege argued for is that the stockholder is exempt from liability for debts, upon which no action has been brought against the corporation. Exemption from liability is not a privilege, even in a colloquial or figurative sense, unless, but for the -exemption, there would be liability. The enjoyment of a legal right is not a privilege, in a legal point of view. And to maintain that the benefit, supposing there is a benefit, in the provisions of the 24th section, .it is necessary to show that, but for that section, there would have been a liability for all debts, as soon as they arose. Taken by itself, the section .intimates that there would have been the general liability, if the 24th section had not become law. This .intimation is justified by the 10th section only. But in fact, the 10th section in its 'generality, never became law, until the act itself was made the law, and then all the parts were to be construed together. Before the passage of the act, the generality of the 10th section had been restrained by the provisions of the 24th section. So that in reality, the stockholder had never been liable generally, for all the debts, but only for those debts upon which action had been begun and prosecuted to a return of execution unsatisfied, in whole or in part. If he had never been liable generally, the 24th section - contains no exemption from liability, although it is also true, that if the 10th section had become law, before *150 the 24th section became law, there would have been the, general liability, until a law like the 24th section limited that general liability. The 10th section and the 24th, section together, create the stockholder’s liability, and. from that as created, there is no exemption.
On this point, another thing is to be brought in view.. That is, that but for the 10th and 24th sections of the manufacturing act, the stockholder would not have been, to any extent liable for the debts of the company, and the effect of the sections is not a privilege or an exemption, but a liability of the stockholder.
I am therefore of the opinion that there was no “ privilege ” to a stockholder found in the true construction of the 24th section, and that what is called a privilege, is a part of a description of a cause of action against the stockholder, created when the act was passed.. It was no privilege. It only shaped his legal obligation.
It would seem clear that the question is not whether one cause of action is more or less onerous or rigid, or of advantage, than another. All causes of action involve by presumption, the same justice and regard for obligations and policy. The person liable to any particular cause of action, has no privilege in that cause of action as being more lenient to him than some other-cause of action would he.
The case of Wakefield v. Fargo,. 90 N. Y. 213, is cited as being adverse to these views. I do not think so, after considering the title and words of the act in question in that case. The court held that a stockholder in a certain corporation became subject to liability under the 18th section of the manufacturing act, “for all debts that may be due and owing to their laborers,” etc. The corporation had been formed, as the court held, under chapter 63 of the Laws of 1863, p. 87. The title was, “An act to extend the operation and effect of the act passed February 17, 1848, entitled ‘ An act to authorize the formation of corporations, for manufacturing etc. purposes.’ ” The first section was, “ Any three or more *151 persons may organize themselves into a corporation in the manner specified and required in and by” the manufacturing act, “ for the purpose of bottling and selling mineral water,” etc. The second section was, “Every corporation so formed, shall be subject to all the provisions, duties and obligations contained in the above mentioned act, and shall be entitled to all the benefits and privileges theréby conferred.” This act was substantially an amendment of the general manufacturing act, and furnished' sure indications that all the provisions of the latter act were applicable to the corporation to be formed under the act of 1863. These indications are absent from this case.
I am further of the opinion that the terms of the 24th section, if they should contain the privilege as claimed, are not applicable to the corporation in this case.
The express provision of the 9th section of the charter is, that the stockholders shall be liable to the creditors for all debts and contracts made by such company. This is to be first construed. It expressly describes an unconditional liability, perfect, and furnishing a cause of action to a creditor, as soon as there are debts and contracts made, upon which action might be brought against the company, and, perhaps, the company has made default. Any provision of the manufacturing act that would declare of such a kind of liability, that it should not exist and no action should be brought upon it, until after the return of an execution in an action against the company, would not be consistent with the express provisions of the 9th section of the charter. This is clearer, if looked at from the side of the creditor. His rights and those of the stockholder are correlative. The express provision of the 9th section is, that the creditor shall have the cause of action when the company becomes liable. It is inconsistent with this, that he should have no cause of action until after the return of execution.
The ninth section applies the provisions of the manu *152 factoring act to this corporation “ where the provisions thereof are not inconsistent with the express provisions of this act.” For this reason the 24th section of the manufacturing act does not affect the rights of the stockholder or the creditor. As the action was brought more than six years after the cause of ' action had occurred, the statute of limitations was a defense that should have been sustained.
Nothing has been said of that part of section 9 which subjects the corporation to all the liabilities imposed upon corporations formed under the manufacturing act. It would be necessary, under the views expressed, to hold that there was on this subject, as well as regards privileges, an inconsistency which would prevent the application of the 10th and 24th sections of the manufacturing act. The counsel for respondent does not claim that the liability in this case is found elsewhere than in the charter. It is unnecessary to corroborate that position.
The .judgment should be reversed, as well as the order denying the motion for a new trial. There should be a new trial, with costs to abide the event.
Truax and Freedman, JJ., concurred.