## CHRISTOPHER A. BROWN *v.* THE A. B. C. FENCE COMPANY.

*Employee of a corporation — who is, under chapter 376 of 1885.*

A person employed to assist the general manager of a corporation in keeping its books and to clean the office and show-room of the corporation, and to assist in putting together, taking apart and shipping wire wicket-fence and weaving machines, is an employee within the meaning of chapter 376 of the Laws of 1885.

*Krauser* v. *Ruckel* (17 Hun, 467); *Dean* v. *De Wolf* (16 id., 186); *Hill* v. *Spencer* (61 N. Y., 274); *Wakefield* v. *Fargo* (90 id., 213) distinguished; *Gurney* v. *Atlantic, etc., Railroad Company* (58 id., 358) followed.

Under the provisions of that act it is the duty of the receiver of a corporation, created under the laws of this State, to pay from the moneys that shall first come into his hands the wages of such employee.

APPEAL by Edward Cundell, one of the judgment-creditors of the above-named defendant, from an order made at a Special Term of the Supreme Court, and entered in the office of the clerk of the county of New York on the 17th day of November, 1888, denying a motion of said Cundell that the receiver of said defendant be directed to pay said Cundell's claim in full under the provisions of chapter 376 of the Laws of 1885 providing for the payment of the wages of employees.

*James M. Baldwin*, for the appellant Cundell, a creditor.

*Thomas Darlington*, for the receiver respondent.

DANIELS, J.:

By the two affidavits made in support of the motion, it appeared that the appellant had been employed to assist the general manager

of the company in keeping its books and to clean the office and show-room of the company, and assist in putting together, taking apart and shipping the wire wicket-fence and weaving machines, at the salary or wages of forty dollars a month, payable in four installments of ten dollars each, and that these services had been performed by the appellant until there became due to him therefor the sum of $325.97.

In the affidavit of the president of the company, used to oppose the motion, it was stated that the services rendered by the appellant were those of a bookkeeper and general clerk. But from the other affidavits it may reasonably be inferred that the applicant was employed in the manner substantially stated by himself and rendered the services which he has mentioned. But in that respect the difference between his own affidavit and that of the manager of the business and the affidavit of the president is not very important. For by the affidavit of the latter he appears to have rendered some services in addition to those of bookkeeper and general clerk. The court, after hearing the motion, denied it without drawing any distinction or difference between the statements of these three affidavits. And whether the denial is supported by the law depends more upon the construction which is to be given to chapter 376 of the Laws of 1885 than on a critical construction of the affidavits. This chapter has declared that the receiver of a corporation created or organized under the laws of this State, and doing business here other than insurance, and than that of moneyed corporations, shall prefer and pay from the moneys which shall first come into his hands, the wages of the employees, operatives and laborers thereof. The application for this payment, made on behalf of the appellant, seems to have been denied on the ground that his case was not brought within this statute, and authorities have been cited which were considered by the counsel to sustain this construction. But these cases are all distinguishable from that of this appellant.

For in *Krauser* v. *Ruckel* (17 Hun, 467) the action was to enforce payment from the stockholders of a mining company, and its successful prosecution depended upon the ability of the plaintiff to prove himself to have been a laborer, servant or operative of the company; that he failed to do, for the reason that his position was that of general superintendent. The case of *Dean* v. *De Wolf* (16

Hun, 186), was that of an assistant of the general superintendent of the company, who was employed at a fixed salary of $700 a month, and it failed of success for the like reason; that he was not a servant or laborer within the meaning of the statute rendering stockholders liable for their wages. *Hill* v. *Spencer* (61 N. Y. 274) was a like action brought by a party who was the agent of the company employed to take charge of its mines in another country. The case of *Wakefield* v. *Fargo* (90 N. Y., 213) was to enforce a like liability, and the court held that a bookkeeper and general manager was not within the protection of the language used in the statute creating this liability of stockholders. These cases all arose under an entirely different statute, more limited in its language than the act under which this application has been made. For this act not only includes operatives and laborers, but also employees, which latter term is of broader signification in its general acceptance, and includes all persons employed, but restricted, as it should be, to the general description of persons who may be designated as laborers, operatives and employees. The statute, as so restricted, appears to be broad enough to include the case of this applicant, and it is not controlled by anything which was decided in *People* v. *Remington* (45 Hun, 329), where the claims which were rejected were made in behalf of the superintendent and attorney of the company, who were higher in their grade of services then the persons described by this language of the statute.

The signification of the term "employee" was considered in *Gurney* v. *Atlantic, etc., Railway Company* (58 N. Y., 358). There it had been used in an order declaring it to be the duty of the receiver of the company to pay arrearages owing to the laborers and employees of the corporation for labor and services actually done in connection with the company's railways. Under this phraseology a claim was made for the sum of $5,000 for the services of counsel, and it was held by the court that he was entitled to be paid by the receiver under this general language. The court there probably gave the term, then standing by itself, a broader signification than it would be inclined to place upon it, as it has been used in this statute; for it was said that "none are excluded in terms or by implication, and all who came within the description are entitled

to the benefit of the order. In the absence of any intent, apparent on the face of the order, to discriminate between different classes of employees or different kinds of service," the court cannot confine it to a particular class or to a' particular service. The term "employee" is the correlative of "employer," and no other term has, either technically or in general use, a restricted meaning by which any particular employment or service is indicated. (Id., 471.)

Under this construction of the language the applicant would be clearly entitled to the order for which he applied, and so he seems to have been even if a more limited effect shall be given to the words which have been employed in the enactment of the statute than was placed upon this word in that order. For an assistant. bookkeeper, a part of whose duty it was to render the other services. for which the applicant was employed, and which were performed by him, will fairly be included as an employee within the description of persons to be in this manner paid by the receiver under the enactment of this statute.

The order should be reversed, with ten dollars costs and also the disbursements, and an order entered directing the receiver to pay to the applicant the sum owing to him for his services, excluding, of course, the additions made to it by the judgment he is stated to have recovered.

VAN BRUNT, P. J., and BRADY, J., concurred.

Order reversed, with ten dollars costs and disbursements.