91  313
17ap196

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* THE BEVERIDGE BREWING COMPANY, Defendant.*

WILLIAM G. HUNTER, Appellant.

*Receivers — preferred claims of "employees" — a bookkeeper is included.*

The statute, chapter 376 of the Laws of 1885, which gives a preference to the wages of employees, operators and laborers, and directs that their claims shall be first paid by the receiver of an insolvent corporation, should receive a liberal construction

The word " employee," used in the statute, has a wider significance than the words " laborers and operatives."

A bookkeeper, employed by a corporation merely to keep its books, falls directly within the class of persons whom the statute was designed to protect.

(*Matter of Stryker*, 73 Hun, 327, disapproved.)

APPEAL by William G. Hunter from an order of the Supreme Court, made at the Orange Special Term and entered in the office

---

* In this and the following cases in this department, the decisions were handed down December 27, 1895.— [REP.

of the clerk of the county of Orange on the 29th day of July, 1895, adjudging that the appellant was not of the grade of workmen designed to be protected by chapter 376 of the Laws of 1885, denying payment of his claim under said act, and decreeing that his claim was that of a general creditor.

*M. H. Hirschberg*, for the appellant.

*T. E. Hancock, Attorney-General*, for the respondent.

*Benjamin M. Fowler*, for the defendant.

*A. S. & W. F. Cassedy*, for the receiver.

*E. A. Brewster*, for the creditors.

Dykman, J.:

This is an appeal from an order made at Special Term, prohibiting the receiver of the defendant, an insolvent corporation, from paying the wages due William G. Hunter, its bookkeeper, as a preferred claim under chapter 376 of the Laws of 1885.

The action was brought to dissolve the Beveridge Brewing Company as an insolvent corporation, and judgment was entered directing such dissolution, and appointing a permanent receiver thereof.

On the 8th day of July, 1895, the receiver applied to the court for authority to pay the claims due for wages in full by virtue of the provisions of chapter 376 of the Laws of 1885, and by the order granted on such application authority was conferred upon the receiver to pay the wages of all the employees excepting those due the bookkeeper, and he has appealed from so much of the order as provides that he shall not be paid his wages, and finds and decides that he is not of the grade of workmen designed to be protected by the act in question.

The statutory provision is as follows: "Where a receiver of a corporation created or organized under the laws of this State and doing business therein, other than insurance and moneyed corporations, shall be appointed, the wages of the employees, operatives and laborers thereof shall be preferred to every other debt or claim against such corporation, and shall be paid by the receiver from the moneys of such corporation which shall first come to his hands."

The word "employees," as used in this statute, has a broad and comprehensive signification, and includes all persons who are employed. It is derived from the French word "employé," and, lexically, embraces any one who is employed. Neither construction nor interpretation can make it mean or signify any other thing or describe any other person, or exclude any one who is employed, from its scope and operation. The bookkeeper Hunter, the appellant, was employed by the company at a salary of $100 a month to keep its books. He, therefore, falls directly within the class of persons whom the statute was designed to protect, and it requires a strained and unnatural construction to exclude him from the benefits thereof. The decision of the Special Term was doubtless based upon the decision in the *Matter of Stryker* (reported in 73 Hun, 327), which the judge did not feel at liberty to disregard.

While it must be admitted that the *Stryker* case is a decision in favor of the respondent, we think the statute must be allowed a much broader construction than it received in that case.

The facts in the two cases cited in the *Stryker* case (*Wakefield* v. *Fargo*, 90 N. Y. 213, and *People* v. *Remington*, 45 Hun, 331) as authority for the conclusion there reached are not sufficiently analagous to this case to control us. *Wakefield's* case arose under chapter 40 of the Laws of 1848, where the controlling words are "laborers, servants and apprentices," all of which are words of narrow, precise meaning. The *Remington* case was unlike this in its facts. There the claims were made by the superintendent and the attorney of the company.

In our view the construction and application which the statute in question received in the case of *Brown* v. *The Fence Company* (reported in ? 2 Hun, 151) is much more consonant with the intention of the Legislature, as collected from the statute, than that which was given to it in *Stryker's* case.

The meaning of the word employee when used in similar statutes received careful consideration in the case of *Gurney* v. *The Atlantic, etc., Railway Company* (58 N. Y. 358).

The claim there was for the professional services of a lawyer, rendered in connection with litigations relating to the railroad company, and Chief Judge CHURCH said in that case: "It is manifest that, literally and lexically, the claimant was an employe of the

company; that is, he was employed by and rendered important service for them. So the service rendered was in a sense in connection with the company's railways; that is, the services related to the railway and its interests and business."

After noticing and considering three cases, he further said : " It will be observed, in the first place, that the word ' employe,' used in the order, is not found in any of the statutes involved in these cases. This is a word of more comprehensive signification than laborers and operatives, and that a contractor is in no proper sense a servant, but in many respects an independent party, and that a secretary is not a servant within the ordinary meaning of that word, but is an officer, recognized by law as such, seems manifest and plain enough."

In the same case Judge ALLEN said : " All ' laborers' and all ' employes' of the railway corporation, who have ' actually done service in connection with that company's railways,' are embraced in the terms used. None are excluded in terms or by implication, and all who come within the description are entitled to the benefit of the order. In the absence of any intent apparent on the face of the order to discriminate between different classes of ' employes' or different kinds ' of service,' the court cannot confine it to a single class, or to a particular service. The term ' employe' is the correlative of ' employer,' and neither term has either technically or in general use a restricted meaning by which any particular employment or service is indicated. The terms are as applicable to attorney and client, physician and patient, as to master and servant, a farmer and day laborer, or a master mechanic and his workman. To employ is to engage or use another as an agent or substitute in transacting business, or the performance of some service ; it may be skilled labor or the service of the scientist or professional man as well as servile or unskilled manual labor."

There is no reason why any person, who comes within the terms of the statute, should be excluded from its beneficent protection.

The statute prescribes no distinction between different classes of employees, and the person employed to keep the books labors with his hands, and contributes no more skill or experience than many skilled laborers.

We discern no reason for discrimination against the appellant,

and the order should be reversed, with ten dollars costs and disbursements, and an order granted for the payment of the money due him as a preferred claim under the statute.

PRATT, J., concurred; BROWN, P. J., not sitting.

Order, so far as appealed from, reversed, and receiver directed to to pay appellant's claim, with ten dollars costs and disbursements, payable out of the fund.