(17 App. Div. 194.)

PALMER v. VAN SANTVOORD et al.

(Supreme Court, Appellate Division, Third Department. May 5, 1897.)

CORPORATIONS—INSOLVENCY—PREFERENCE OF WAGES.

The designation "employés, operatives and laborers," to whom Laws 1885, c. 376, gives a preference for wages, includes one who is employed by a machine company to set up machines and take them down, to fix them when out of repair, and to go from place to place and fix and set up the machines for purchasers, though it was also a part of his work to sell machines.

Merwin, J., dissenting.

Appeal from special term, Rensselaer county.

Application by Wilson E. Palmer for an order directing Seymour Van Santvoord and Danforth Geer, as receivers of the Walter A. Wood Mowing & Reaping Machine Company, to pay said Palmer the wages due him as a laborer of said company, as a preferred claim. From an order directing receivers to make said payment, they appeal. Affirmed.

The respondent was employed by the Walter A. Wood Mowing & Reaping Machine Company prior to the appointment of the appellants as its receivers. The nature of his employment is stated in the case as follows: Wilson E. Palmer "was employed by the said Walter A. Wood Company to set up machines, and to take them down, and to fix the same when out of repair; to go from place to place, and fix and set up the machines of said company for farmers to whom the machines had been sold; to unpack the machines, and to repack them, and ship same to company when necessary; also, to sell or solicit sales of the machines of said corporation,—and did, in the discharge of his duties as the employé, operative, and laborer, of said company, sell machines for them; and that, as such operative, employé, and laborer, he set up and repaired machines for said company while in their employ as aforesaid,

going from place to place so to do, took the machines from the railroad, unpacked same, bolted together and screwed together the same, and did all necessary work to make said machines work, bolting them together and fitting them so they would work; and that he performed manual labor as well as the labor of selling machines, and obeyed and carried out the instructions, orders, and directions given to him by said corporation, through its officers and servants." The question submitted is whether he was an employé, operative, or laborer, and his claim for wages against said company entitled to a preference, under the provisions of chapter 376, Laws 1885, which enacts that "where a receiver of a corporation created or organized under the laws of this state and doing business therein, other than insurance and moneyed corporations, shall be appointed, the wages of the employees, operatives and laborers thereof shall be preferred to every other debt or claim against such corporation, and shall be paid by the receiver from the moneys of such corporation which shall first come to his hands."

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

G. B. Wellington, for appellants.
Amasa J. Parker, for respondent.

PUTNAM, J. From the statement contained in the case as to the nature of the services performed by the respondent for the Walter A. Wood Mowing & Reaping Machine Company prior to the appointment of the appellants as its receivers, we think we must hold that he was employé, operative, or laborer, within the meaning of chapter 376, Laws 1885. His business was "to set up machines, and to take them down, and to fix the same when out of repair; to go from place to place, and fix and set up the machines of said company for farmers; * * * to unpack the machines, and to repack them." Although respondent was also employed to sell machines, as well as pack and unpack them, bolt them together, repair them, and do all the necessary work, and put them in working order, giving the language of the act above quoted a fair and reasonable construction, I think the respondent should be deemed an employé, operative, or laborer, within its provisions. Brown v. Fence Co., 52 Hun, 151, 5 N. Y. Supp. 95; People v. Brewing Co., 91 Hun, 313, 36 N. Y. Supp. 525. The opinions in the cases cited give a satisfactory construction to the act of 1885, and, referring to them, we deem it unnecessary to enter into a discussion of the case.

The conclusion we reach does not, we think, conflict with the doctrine stated in People v. Remington, 45 Hun, 329, where the claims for a preference under the act in question were made by the superintendent and attorney of the corporation. Nor were the services rendered by the respondent for the Walter A. Wood Mowing & Reaping Machine Company similar to those of the applicants whose claims were disallowed in Re Stryker, 73 Hun, 327, 26 N. Y. Supp. 209. In that case those applying for a preference under the act in question were the bookkeepers, superintendent, and foreman, paid by the month, and the performance of manual labor by whom, if performed at all, was merely incidental to their general employment. In this case the services rendered by Wilson E. Palmer for the Walter A. Wood Mowing & Reaping

Machine Company were similar to those rendered by the applicant whose claim for a preference under the act in question was allowed in Brown v. Fence Co., supra.

We conclude that the order should be affirmed, with costs.    All concur, except MERWIN, J., dissenting.

MERWIN, J. (dissenting).    The principle enunciated in People v. Remington, 45 Hun, 329, and adopted by the court of appeals in its affirmance of the order in that case upon the opinion delivered at the general term (109 N. Y. 631, 16 N. E. 680), is, I think, applicable to this case, and leads to the reversal of the order appealed from.    It seems to me quite plain that the grade of service in the present case is not within the meaning of the statute as construed in the Remington Case.