### In re SMITH.

(Supreme Court, Special Term, New York County. August 12, 1899.)

ASSIGNMENTS FOR BENEFIT OF CREDITORS—PREFERENCE OF SALARIES.

Under Laws 1897, c. 266, amending Laws 1877, c. 466, § 29, providing that on assignments for benefit of creditors the wages or salaries of employés shall be preferred, commissions due to a traveling salesman, whose duty it was to sell goods in a particular locality, selected by the employer, and whose compensation consisted exclusively of commissions, are entitled to preference.

In re assignment of Clinton H. Smith. Application to compel assignee to pay claim of petitioner. Granted.

Ira B. Stewart, for petitioner.

Philbin & Beekman, for assignee.

McADAM, J. The petitioner was nothing more than an ordinary salesman, traveling and selling goods in a particular territory selected by the assignor, and his compensation consisted exclusively of commissions earned upon the sales he effected. It is conceded by the schedule of the assignee that the petitioner is entitled to $747.72, and this is the amount he claims. The only question is whether he is entitled to a preference over the general creditors of the assignor, under Laws 1897, c. 266, amending Laws 1877, c. 466, § 29. This act provides that "in all assignments made in pursuance of this act, the wages or salaries actually owing to the employés of the assignor or assignors at the time of the execution of the assignment shall be preferred before any other debt," etc. See, also, chapter 624, Laws 1897. Under the construction placed by the courts upon this and similar acts, the petitioner is within the protection of the statute, and entitled to the preference claimed. In re Ginsburg, 27 Misc. Rep. 745, 59 N. Y. Supp. 656; Palmer v. Van Santvoord, 153 N. Y. 612, 47 N. E. 915; In re Heath, 46 Hun, 114; In re Sawyer (Com. Pl.) 29 N. Y. Supp. 1097. The word "employés" used in the statute has a wider significance than the words "laborers and operatives" used in certain other acts. Palmer v. Van Santvoord, supra; Gurney v. Railroad Co., 58 N. Y. 358; People v. Brewing Co., 91 Hun, 313, 36 N. Y. Supp. 525, disapproving In re Stryker, 73 Hun, 327, 26 N. Y. Supp. 209. And see, also, Brown v. Fence Co., 52 Hun, 151, 5 N. Y. Supp. 95. The property transferred is impressed with a trust in favor of the employés of the assignor the instant the assignment is executed and accepted, and it is the duty of the assignee to pay them

in preference to other creditors. Burley v. Hartson, 40 Hun, 121. There are ample assets to pay the claim without prejudice to others similarly situated, and the application for an order directing the assignee to pay must be granted, with $10 costs.