## KALMAN v. COX.

(Supreme Court, Appellate Term. March 21, 1905.)

LEASE—CONSTRUCTION—COST OF FIRE ESCAPE—LIABILITY OF TENANT.

    A lease limiting the liability of the tenant respecting orders of a city department to those issued for the correction, prevention, and abatement of nuisances or other grievances does not render the tenant liable for the cost of a fire escape.

    [Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, §§ 538–546.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Morris Kalman against Arthur S. Cox. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before SCOTT, O'GORMAN, and BLANCHARD, JJ.

Samuel Hellinger, for appellant.

Wentworth, Lowenstein & Stern, for respondent.

SCOTT, J. The learned justice fell into error in saying that the defendant in this action, under the lease held by him from Purdy, was under the same covenant which was contained in defendant's lease to plaintiff. The covenants were not identical in language, and, in my opinion, were not identical in effect. The covenant in Purdy's lease to defendant was that defendant would "properly and fully comply with all the orders, rules and regulations of the Board of Health and other municipal departments as may be issued or apply to said premises." This covenant was without limitation in terms, and may be broad enough to cover the erection of a fire escape under an order of the tenement house department, although we are not called upon to determine that question here. The plaintiff's covenant is that he will "promptly execute and comply with all the statutes, rules, orders, ordinances and regulations of the State or City Governments and of any and all their departments and bureaus applicable to said premises, for the correction, prevention and abatement of nuisances or other grievances in, upon or connected with said premises during said term." By this covenant the tenant's obligation respecting orders of a city department is limited to those issued for the "correction, prevention and abatement of nuisances or other grievances," and these words are to be taken in their natural and usual sense. The absence of a fire escape is not a "nuisance," as that word is commonly used, and we are referred to no statute which so classifies it. The more generic words "other grievances" do not extend the plaintiff's liability so far as to render him liable for the cost of the fire escape. To this covenant should be applied the common rule of construction, equally applicable to contracts and statutes, that "when two or more words of analogous meaning are coupled together, they are understood to be used in their cognate sense, express the same relation, and give color and expression to each other." Wakefield v. Fargo, 90 N. Y. 213, 218. The learned justice expressed himself as of the opinion that it was

not within the contemplation of the parties to provide for an order to do such an important piece of work. What may have been in their minds it is impossible to tell except from their contract, but it seems to me quite clear that the work for which it is sought to hold plaintiff was not within the letter of the agreement.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.