(85 Misc. Rep. 398)

## BLAUNER v. SIEGEL.

(Supreme Court, Appellate Term, First Department. May 7, 1914.)

1. LANDLORD AND TENANT (§ 152*)—CONTRACTS—CONSTRUCTION—LIABILITY OF TENANT.

A stipulation in a lease of a part of premises that the tenant shall comply with orders of the federal, state, and city governments, and their bureaus, for the correction, prevention, and abatement of nuisances, or other grievances, connected with the premises or the business of the ten-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ant, imposes on the tenant the duty to install, as demanded by the state department of labor, an additional water-closet necessary for use in connection with the business of the tenant; and where the tenant fails to do so, the owner, on installing it, may recover the cost.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 152, 538–543, 545–549, 551–557; Dec. Dig. § 152.*]

2. LANDLORD AND TENANT (§ 152*)—REGULATION OF BUILDINGS TO PREVENT NUISANCES—ENFORCEMENT—STIPULATION OF PARTIES.

Though the duty of complying with requirements authorized by Labor Law (Consol. Laws, c. 31) § 62, subd. 5, empowering the commissioner of labor to enforce a municipal by-law or regulation relating to factories, not in conflict with the statute, and Penal Law (Consol. Laws, c. 40) § 1275, subd. 3, making the violation of any such regulation a misdemeanor, is imposed on the owner or the lessee of an entire building, it is competent for a lessee of a part of a building to assume, as between himself and the lessor, the duty to comply with requirements, and where he agrees to comply and fails, the lessor who complies may sue him for the expenses incurred.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 152, 538–543, 545–549, 551–557; Dec. Dig. § 152.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Louis Blauner against Isaac N. Siegel. From a judgment of dismissal, plaintiff appeals. Reversed, and judgment directed for plaintiff.

Argued April term, 1914, before GUY, PAGE, and WHITAKER, JJ.

Joseph Wilkenfeld, of New York City, for appellant.

Spiro & Wasservogel, of New York City (Abraham I. Spiro, of New York City, of counsel), for respondent.

GUY, J. Plaintiff leased to defendant certain loft premises by a written lease which provided that:

"The tenant shall promptly execute and comply with all statutes, ordinances, rules, orders, regulations, and requirements of the federal, state, and city governments, and of any and all their officials, departments, and bureaus, applicable to said premises, for the correction, prevention, and abatement of nuisances or other grievances, in, upon, or connected with said premises or the business of said tenant during said term."

After the defendant took possession of the premises under his lease, a notice was served upon the owner by the state department of labor requiring him to install an additional water-closet therein, of which requirement defendant was notified, and, upon his failure to comply therewith, plaintiff installed the water-closet, and sues to recover from defendant the expense thereby incurred.

[1] In dismissing the complaint the learned trial judge held that the installation of a water-closet, being a permanent structural improvement, and not being for "the correction, prevention, and abatement of a nuisance," was not within the purview of the clause in question, and the tenant was not obligated to comply with such a requirement on the part of the governmental authorities. In support of this ruling the court cites as authority the opinion in Kalman v. Cox, 46

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Misc. Rep. 589, 92 N. Y. Supp. 816, where, in construing the meaning of the words "or other grievances," the learned court held that a requirement for the construction of a fire escape did not come within the purview of such a clause, for the reason that the absence of a fire escape did not constitute a nuisance. It will be noted, however, that in the case at bar the language of the lease is different from that in the lease in the case cited, and that the lease contains the additional language, "or connected with said premises or the business of said tenant during said term;" also, that the additional water-closet was necessary for use in connection with the business of the tenant.

While there can be no doubt of the soundness of the general proposition that, "when two or more words of analogous meaning are coupled together, they are understood to be used in their cognate sense, express the same relation, and give color and expression to each other" (Wakefield v. Fargo, 90 N. Y. 213, 218), it does not follow that the term "or other grievances," in the clause of the lease herein is limited in its application to the remedying of such conditions as would constitute nuisances. On the contrary, the word "nuisances" and the phrase "or other grievances" both relate to the same general purpose, viz., "the correction, prevention, and abatement of conditions in, upon, or connected with said premises, or the business of said tenant during said term, which are in violation of statutes, ordinances, rules, orders, regulations, and requirements of the federal, state, and city governments, and of any and all their officials, departments, and bureaus, applicable to said premises," or connected with said premises or the business of said tenant during said term, whether such violations of law constitute the maintenance of a nuisance or a misdemeanor. If it was contemplated by the parties that the clause "or other grievances" should relate only to nuisances, the adding of those words would be mere surplusage. Clearly they were intended to have some force and meaning in addition to what was covered by the use of the word "nuisances," viz., such grievances other than nuisances as are prohibited by law, as distinguished from grievances relating to conditions not prohibited by law.

[2] Section 62, subd. 5, of the Labor Law (Consol. Laws, c. 31), gives the commissioner of labor power to enforce any municipal bylaw, ordinance, or regulation relating to factories which are not in conflict with the statute. Section 1275, subd. 3, of the Penal Law (Consol. Laws, c. 40), makes the violation of any such rule or regulation of the industrial board a misdemeanor.

The duty of complying with such requirement is by provision of the statute placed upon the owner or a lessee of an entire building, with a further provision that the obligation resting upon such owner or lessee of an entire building shall remain, notwithstanding any provision in any lease to the contrary. It was, however, entirely competent, and was clearly the intention of the parties to the lease herein, as between themselves, to enter into an agreement that the tenant should become obligated to the landlord to assume all expense of doing such things as the law imposed upon the landlord incident to the use of the rented premises for factory purposes as contemplated by

the lease. We are therefore of the opinion that the improvement installed by the landlord herein was such an improvement as, under the terms of the lease, it became the duty of the tenant to make, and, in the event of his failure to do so, he was obligated to reimburse the landlord for the expense incurred by him in complying with such requirement of law.

The judgment must therefore be reversed, and judgment directed in favor of plaintiff for $142, with costs of appeal and in the court below. All concur.