## MARKHAM v. DAVID STEVENSON BREWING CO.

(Supreme Court, Appellate Division, First Department. May 11, 1900.)

TENANT'S COVENANT TO REPAIR—ORDER OF BUILDING DEPARTMENT—SURRENDER OF POSSESSION—LANDLORD'S ENTRY—TENANT'S LIABILITY.

Defendant rented premises of plaintiff, and covenanted to repair. The New York City building department notified both parties to repair. Defendant refused to do so. Plaintiff served notice on defendant that, unless repairs were made by a certain date, he would himself enter, and repair at defendant's charge, in compliance with the department's order. Plaintiff entered accordingly, and defendant vacated, tendering possession to plaintiff, who refused to receive it. *Held*, that plaintiff's entry constituted neither an eviction nor an acceptance of surrender of possession, and that defendant was liable for subsequently accruing rent.

Van Brunt, P. J., dissenting.

Appeal from trial term, New York county.

Action by Francis J. Markham against the David Stevenson Brewing Company. From a judgment in favor of plaintiff, and from an order overruling a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

George H. Taylor, Jr., for appellant.
John H. Corwin, for respondent.

INGRAHAM, J. The action was brought to recover rent for certain premises in the city of New York for the month commencing December 1, 1896. The lease was dated November 23, 1894, and demised certain premises to the defendant at the yearly rent of $2,100, to be paid in equal monthly payments in advance on the 1st day of each month for five years from the 1st day of May, 1896, and the party of the second part (defendant) covenanted and agreed to make all and every repair of every description whatsoever, both inside and outside of the house, and about the demised premises, and to the roof of the said buildings, at his own proper costs and expense. The answer, admitting all of the allegations of the complaint, alleged that prior to December 1, 1896, the defendant was evicted from the premises; and for a second defense alleged that prior to the 1st day of December, 1896, the defendant surrendered the premises to the plaintiff, which surrender was duly accepted by the plaintiff. Upon the trial the defendant was awarded the affirmative of the issue, and offered evidence tending to show that in October, 1896, an inspector of the building department made an examination of the premises in question, and found that a portion of the foundation of the building was gone; that the southerly gable wall was bulged; that the first tier of beams and a part of the stud partitions were rotten, and that the building was unsafe; that, in

order to put the building in a safe condition, the foundation tier of the southeast corner should be taken down and rebuilt, and the greater part of the southerly wall and all the rotten and defective timbers throughout had to be taken down, and the girders had to be taken out, and replaced with new and sound material; that, after this examination, a notice from the building department, dated October 9, 1896, was served upon the plaintiff as landlord, and the estate of David Stevenson as lessee, requiring the persons to whom the notice was addressed to make the premises safe and secure. The president of the defendant testified that in October after this notice had been received he had an interview with the plaintiff, and stated to him that the repairs to the building would cost something like $3,000; that the defendant did not consider that these repairs were what the lease called for, and that the defendant should not be called upon to pay any of the expense. The witness further said that he told the plaintiff that the defendant would go on and pay the rent, but did not want a lawsuit,—that is, if he would make the repairs; that on October 30, 1896, the plaintiff served a notice upon the defendant calling his attention to the order of the department of buildings, and requiring the defendant to comply with the order of such department, and that, in default of its doing so on or before November 5, 1896, the plaintiff would proceed to comply with such order, and would hold the defendant responsible for the amount of money which the plaintiff would be obliged to expend in complying therewith; and that the plaintiff did the repairs required in the months of November and December, 1896. When the defendant rested, his counsel, in answer to a question as to which of the two defenses set up in answer the defendant would elect to rely upon, stated that he preferred to stand upon the question of surrender and acceptance; that the defendant had abandoned the premises, and had shown, through their own concession that the plaintiff went in and took possession. Plaintiff's counsel then moved to direct a verdict for the plaintiff, when defendant's counsel stated that he wished to submit to the jury the question whether the landlord accepted the premises and took upon himself to exercise acts of dominion upon them, and whether he had not entered into possession. This was denied, and the court then directed a verdict for the plaintiff.

It would seem that the court was right in this disposition of the question. There is not the slightest evidence of an eviction, nor would the evidence justify a finding of a surrender of the premises by the tenant and an acceptance of such surrender by the landlord. Under the lease the defendant was required to make all repairs to the premises, and the fact that the building was out of repair was itself evidence that the defendant had failed to comply with its covenant to make the necessary repairs, and to keep the building in good condition. When the building department condemned the building, the plaintiff was entirely within his right when he called upon the defendant to make the necessary repairs to the building under the covenants contained in the lease. The refusal of the defendant to make such repairs, with the statement

of the defendant's representative that it would go on and pay the rent if the plaintiff would make the repairs, justified the plaintiff in entering upon the premises to make such repairs; and such an entry could not be considered as an acceptance of a surrender of the premises by the defendant when the defendant was expressly notified that such an entry was in compliance with the order of the building department to enable the landlord to comply with the law, and that the plaintiff refused to accept a surrender of the premises from the tenant. Certainly, the plaintiff was not required to stand by, and see the building fall, incurring the penalties which would follow. Here all the circumstances show that there was no intention of the tenant to surrender the premises, or of the landlord to accept such a surrender if made. The dispute between the parties was as to the one that should pay for the repairs; and the plaintiff's act in making such repairs as he was required by law to make, and which he made at the request of the defendant, could not be considered as an eviction of the defendant, or an acceptance of a surrender of the premises.

The judgment and order appealed from should, therefore, be affirmed, with costs. All concur, except VAN BRUNT, P. J., who dissents.

VAN BRUNT, P. J.  I dissent. The attempt to rent the building, there being no reservation in the lease, was an acceptance of the premises.