MARKHAM v. DAVID STEVENSON BREWING CO.

(Supreme Court, Appellate Division, First Department. May 5, 1905.)

1. LANDLORD AND TENANT—LEASES—COVENANTS TO REPAIR.
    Where a lease provided that at the expiration of the term the lessee-would surrender the premises in as good state and condition as reasonable use and wear would permit, damages by the elements excepted, and: agreed to comply with all the regulations and orders of the health, police, and fire departments and all the municipal departments of the city, such· provisions constituted a covenant requiring the tenant to make repairs. of every description not made necessary by a destruction of the buildings, and to comply with all regulations of the municipal departments of the· city with reference to repairs.
    [Ed. Note.—For cases in point, see. vol. 32, Cent. Dig. Landlord and: Tenant, §§ 545, 619.]

2. SAME—STATUTES.
    Such covenant did not deprive the lessee of the benefit of Laws 1896, p. 589, c. 547, § 197, exempting a tenant from liability for rent in case· the buildings are destroyed without his fault during the term.
    [Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and: Tenant, §§ 777, 778.]

3. SAME—REPAIRS.
    Where a tenant covenanted to make all repairs, etc., it was liable for· the cost of repairs made by the landlord in accordance with an order of the building department of the city after the tenant's refusal to make-them and surrender of the premises.

4. SAME—BUILDING DEPARTMENT—ORDERS.
    Where the building department of a city served notice on the owner and on the executors of the tenant to make specific repairs on a building, and, after reciting the dangerous condition of the premises, contained a provision, "You are therefore required to make the same safe," as authorized by Greater New York Charter (Laws 1901, p. 179, c. 466, § 407 et seq.), such notice amounted to an "order" by the building department, within a covenant in the lease requiring the tenant to comply with all regulations and orders of all municipal departments of the city.
    O'Brien, J., dissenting.

Appeal from Trial Term, New York County.

Action by Francis J. Markham against the David Stevenson Brewing Company. From a judgment for defendant, and from an order denying plaintiff's motion for a new trial, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

John H. Corwin, for appellant.
Gratz Nathan, for respondent.

HATCH, J. This action was brought to recover damages for the alleged breach of certain covenants contained in a lease of premises situate on the northeasterly corner of Tenth avenue and Twenty-Eighth street, in the borough of Manhattan, city of New York. The claimed breach consists in failure to make repairs as required by the covenants. It was disclosed by the evidence that the buildings had become very much out of repair, and that the building department had notified the parties that the premises had become unsafe and dangerous, specifying the particulars, and requiring that they be made safe and secure in manner as specified. The tenant having refused to make compliance with the notice or with the covenants contained in the lease, the plaintiff entered upon the premises, made the repairs, and now seeks by this action to recover the cost thereof. When the plaintiff entered upon the premises for the purpose of making the repairs, the defendant abandoned the same, and thereafter refused to pay rent. The plaintiff thereupon brought an action to recover the rent claimed to be due by the provisions of the lease. The defendant interposed an answer in that action, claiming that the plaintiff had evicted the defendant from the premises, and had also accepted a surrender of the same; by reason of which facts the defendant claimed to be discharged from the payment of the rent. The plaintiff recovered a judgment against the defendant for the rent due, and from that judgment an appeal was taken to this court, where the same was affirmed. Therein it was held that the defendant was bound to make the repairs required to be made by the building department, pursuant to the covenants contained in the lease, and that, the defendant having refused to make the repairs, and the plaintiff being required to restore the buildings by mandatory provisions of law, the entry for that purpose did not work an eviction, and that the attempt to rent the premises to other parties did not constitute an acceptance of a surrender of the term. Markham v. Stevenson Brewing Co., 51 App. Div. 463, 64 N. Y. Supp. 617. Upon appeal to the Court of Appeals, this judgment was affirmed. 169 N. Y. 593, 62 N. E. 1097. This determination established that the conventional relation of landlord and tenant continued to exist; and it also established that the repairs required to be made by the defendant pursuant to the covenants contained in the lease constituted an obligation upon the part of the defendant, and that his failure to make compliance with the covenants in this respect was a breach of the same, which justified the entry by the plaintiff upon the premises and the making of the repairs. It is somewhat difficult to see why this adjudication is not res adjudicata of the defendant's liability to pay for the cost of the repairs. It necessarily established that the covenants contained in the lease imposed that obligation upon the defendant, and it also determined that the entry of the plaintiff for the purpose of making the repairs —the defendant having refused compliance with the covenants— was not an eviction of the defendant, and that it was not, by reason of such act, absolved from payment of the rent. The judgment therefore seems to have established that the covenants re-

quired the defendant to make the repairs, and that it remained a continuing obligation of the defendant. This seems to be a binding adjudication, fixing the liability of the defendant to pay the cost of the repairs. Assuming, however, that the judgment for rent is not res adjudicata of the present question, nevertheless we think the liability is imposed upon the defendant by the fair construction of the covenants contained in the lease. These covenants read:

"And at the expiration of the said term the said party of the second part will quit and surrender the premises hereby demised in as good state and condition as reasonable use and wear thereof will permit, damages by the elements excepted. And the said party of the second part further agrees to comply with all the regulations and orders' of the health, police and fire departments, and also all the Municipal Departments of said city."

The construction placed upon a similar covenant, not, however, so broad in its terms (by this court), imposed upon the defendant the obligation not only to keep the premises in as good repair as they were when he entered, but, if out of repair, to restore them to a good condition, having regard to the age and class of the buildings, to keep them in repair during the continuance of the term, and to leave them in such repair at the close thereof. Lehmaier v. Jones, 100 App. Div. 495, 91 N. Y. Supp. 687. The covenant in that case simply provided that the tenant should keep the premises in good repair at his own expense during the term and comply with all the orders of the public authorities of the city of New York in relation to said premises, at his expense, during the term of the lease, and at the expiration of the term that he quit and surrender the premises in as good state and condition as reasonable use and wear thereof would permit. The language of the present covenant requires that the tenant make repairs of every description whatsoever, both in and outside of the house, and to the roof of the buildings, and also to comply with all the regulations of the municipal departments of the city of New York. The express language, therefore, imposed upon the defendant the obligation of making all repairs, and also required compliance upon its part with the regulations and requirements of the public departments.

It is probably true that these covenants did not impose upon the defendant an obligation to restore the buildings in the event of their destruction by any act for which the tenant was not responsible. The covenants can operate to the extent of imposing the obligation to repair, and still leave the defendant entitled to the benefit of the provisions of the law of 1860, now contained in chapter 547, p. 589, § 197, of the Laws of 1896, known as the "Real Property Law." If there was a destruction of the buildings for any cause upon which the statute could operate, it would apply, and this for the reason that such destruction would not be within the terms of the covenant imposing the obligation upon the tenant of restoration of the buildings. But here the buildings were not destroyed. They were only out of repair. And therefore the defendant was obligated during the whole period to pay the rent secured to be paid by the lease, and also to make the repairs under

the terms of the covenant, and as required by the building department of the city of New York.

It is claimed, however, that the case of May v. Gillis, 169 N. Y. 330, 62 N. E. 385, is opposed to this view. Therein a portion of the building occupied by the tenant was destroyed by the elements. The tenant abandoned the premises, and in an action for rent the tenant claimed to be entitled to the benefit of the statute. The trial court held otherwise, and directed a verdict in favor of the plaintiff. The covenant in that case was quite general, its language being:

"All inside and outside repairs to be made by the party of the second part [the defendant], and that at the expiration of the said term the said party of the second part will quit and surrender the premises hereby demised, in as good state and condition as reasonable use and wear thereof will permit, damage by the elements excepted."

The Court of Appeals held that the covenant did not impose an obligation to restore that part of the building which was destroyed; that, if a rule establishing such liability were adopted, its effect would be to compel the tenant to replace the destroyed building; that such construction would render the obligation more onerous than the language warranted, and such result, therefore, was not within the contemplation of the parties when they made the covenant. The evidence in that case, however, tended to show that there was only a destruction of a part of the building, and some portion of it still remained tenantable; and the court held that, if such facts appeared, the tenant would still remain liable for a proportionate part of the rent; that this was a question of fact, and should have been submitted to the jury; but that, as to the destroyed portion of the building, no obligation was imposed to restore. The judgment directed by the trial court was therefore reversed, and a new trial granted. That case is therefore not an authority relieving the defendant from obligation pursuant to the terms of this covenant, but, on the contrary, is in harmony with the view that, as there was no destruction of the buildings upon which the statute would operate, the obligation to repair and pay the rent remained.

It also appeared in the present case that the building department, prior to the making of the repairs by the plaintiff, served a notice upon the owner and upon the executors of the tenant to make specific repairs therein mentioned: Among other things, this notice stated, after reciting the dangerous condition of the premises, "You are therefore required to make the same safe." It is insisted by the respondent that this notice is not within the terms of the covenant, for the reason that it is not an order. Upon the appeal in the action for rent, this court said that the entry of the plaintiff to make the repairs "was in compliance with the order of the building department"; and such seems to be the fair construction of the language of the covenant. By the provisions of section 509 of the Consolidation Act, Laws 1882, p. 141, c. 410, which has been carried into the charter by the provisions of section 407 et seq., Laws 1901, p. 179, c. 466, authority is conferred

upon the department of buildings of the city of New York to "re-quire" by notice a building to be made safe and secure or removed, as may be by the department deemed to be necessary. The effect of this language is to make the notice an order to do the things therein specified. It is required to be done, and this is equivalent to an order to do the thing so required. It is evident that the parties contemplated the action of the department, and not an order of the court, for such is the language of the covenant. The en-forcement of the requirement by the building department is not vested in it, but in the court. This, however, is quite aside from the things which the department may require or order to be done. The law furnishes a method of procedure, and vests authority in the court to act upon the requirement of the building depart-ment; and when the steps are taken which establish that the re-quirement of the department is proper, the court then issues its order. That, however, is not the order of the building department, but is a court order, authorized by statute, and granted in the ex-ercise of judicial functions. The fact that the court may make an order does not nullify or affect the requirement of the building department, save as it enforces the same; nor does the require-ment of such department cease to be an order to the persons char-ged with the duty of obeying it. The facts are undisputed, and, whether it be held that the action for rent fastens a binding lia-bility upon the defendant or not, such obligation seems to be with-in the fair construction of the covenant, and fastens with equally binding force a liability upon the defendant to pay the fair cost of making the repairs.

It follows, therefore, that the judgment and order appealed from should be reversed, and a new trial granted, with costs to the ap-pellant to abide the event. All concur, except O'BRIEN, J., who dissents.

O'BRIEN, J. (dissenting). I agree with the appellant that the judgment in the former action for rent is not a bar to this action, but that does not help him. By the covenants the defendant "agreed to comply with all the regulations and orders of the health, fire, and police departments, and also with all the municipal depart-ments of said city." It also contained a covenant "to make all and every repair of every description whatsoever, both inside and out-side of the house, and about the demised premises, and to the roof of the said buildings, at his own proper costs and expense," and at the expiration of the said term to "surrender the premises here-by demised in as good state and condition as reasonable use and wear thereof will permit, damages by the elements excepted." In October, 1896, a portion of the foundation of the building was defective, the southern gable wall was bulged, the first tier of beams and a part of the partitions were rotten, and the building was unsafe. A notice was served by the building department upon the plaintiff to that effect, and informing him that unless he made the building safe the building department would take it in hand. Thereupon the plaintiff called upon the defendant to make the re-

pairs, which the defendant refused to do, upon the ground that they were extraordinary repairs, not called for by the terms of its lease. Thereupon the plaintiff made the repairs at an expense of about $3,000, and this sum he now seeks to recover. At the close of the trial the court dismissed the complaint. I think this was right, under the authority of May v. Gillis, 169 N. Y. 331, 62 N. E. 385, where the lease contained a covenant "all inside and outside repairs to be made" by the tenant, and it was there held that this only included ordinary repairs, and did not obligate the tenant to undertake a reconstruction of the building. It will be noticed, therefore, that the question turns upon whether the repairs which the plaintiff seeks to compel the defendant to make were ordinary or extraordinary repairs; and as, considering their nature and extent, I think the latter, I dissent from the conclusion reached by the majority of the court, and think the case was properly disposed of in the trial court, and that the judgment appealed from should be affirmed, with costs.