## TOWNSEND et al. v. ROSENBLUM et al.

(Supreme Court, Appellate Term. January 8, 1909.)

1. LANDLORD AND TENANT (§ 154*) — REPAIRS—ACTION—EVIDENCE ADMISSIBLE UNDER PLEADINGS.

A complaint in an action to recover for repairs made by a lessor alleged a written lease requiring the lessee to make all repairs ordered by the municipal authorities, the order of the authorities requiring the repairs, and the expense of complying with the order on the lessee's failure to do

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

so. The lessee's answer merely put the lessor to his proof. *Held*, that evidence on the part of the lessee that the repairs were necessitated by the failure of the lessor to make repairs as he was bound to, during plaintiff's tenancy under an earlier lease, was properly excluded as not relevant to the issue.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 154.*]

2. LANDLORD AND TENANT (§ 152*)—REPAIRS—COVENANTS—MUNICIPAL ORDERS —"ORDER."

Under a covenant in a lease requiring the lessee to make repairs on "order" of the municipal authorities, a notice from a health department, proved to be official and in customary form, though on a printed form, with merely a printed signature, is an "order," within the covenant.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 152.*

For other definitions, see Words and Phrases, vol. 6, pp. 5017–5023; vol. 8, p. 7739.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by J. Allen Townsend and another against Philip Rosenblum and another. From a judgment for plaintiffs, defendants appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Abraham H. Sarasohn, for appellants.
Wm. Porter Allen, for respondents.

BISCHOFF, J. The action was brought upon a covenant of a lease to enforce the tenants' obligation to make repairs ordered by the municipal authorities, and the main point raised by the defendants (the tenants), upon this appeal from a judgment for the value of work done by the plaintiffs (the landlords) to comply with an order of the board of health during the tenancy, relates to the exclusion of evidence offered to show that some of these repairs were necessitated by the landlords' failure to repair the roof in the course of the plaintiffs' tenancy under an earlier lease, whereby the plaintiffs had assumed the duty of making these repairs.

In our opinion this evidence was properly excluded, because not relevant to the issue. The existence of a contract excepting from the lease an obligation which otherwise the tenant had assumed was certainly affirmative matter for the defendants to set up by answer. But for such a contract the tenant took the premises as they were, with the burdens attendant upon the expressly assumed duty of complying with the orders of the municipal authorities, and the plaintiffs' case was established by proof of the written lease, the order of the board of health, and the expense of complying with it upon the defendants' failure to do so. These matters the complaint alleged, and the defendants' answer put the plaintiffs to their proof; but the presence or absence of another contract, collateral to the lease, was in no way involved in the course of the presentation of the plaintiffs' case, and was foreign to the issue, unless the defendants assumed the burden of proving that such a contract existed. To do this, however, they were required to plead the new matter—that is, the facts out of which the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

contractual exception from the lease arose—and the answer omits any such defense.

The fact that the notice from the health department, requiring the making of the repairs, was not signed by any official, but was a printed form, with a printed signature, does not affect the plaintiffs' right of recovery. The proof established the fact beyond any possibility of substantial dispute that this notice was issued by the health department, through its authorized officials, in the regular course of their duties, and that an effective direction, enforceable against the owners of the premises, was made by the department. The notice given by this department in the customary form was to be treated as an "order," within the meaning of the covenant of the lease (Markham v. Brewing Co., 104 App. Div. 420, 93 N. Y. Supp. 684), and upon the present record the making of an order to do this work, as contemplated by the parties to the lease, was established.

Judgment affirmed, with costs. All concur.