VICTOR A. HARDER REALTY & CONSTRUCTION CO. v. SAM PING LEE.

(Supreme Court, Appellate Term.  December 22, 1911.)

1. APPEAL AND ERROR (§ 882*)—ESTOPPEL TO ASSERT ERROR.

By "conceding the allegations of the complaint for the purpose of" the trial court's ruling, defendant estopped himself to assert on appeal that, notwithstanding error below, the dismissal of the complaint was proper, because allegations of the complaint were not proven.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. § 882.*]

2. LANDLORD AND TENANT (§ 157*)—CONSTRUCTION OF LEASE—DUTY TO MAKE REPAIRS.

A lease requiring the tenant to comply with municipal regulations, etc., and to keep the premises in repair, etc., required him to comply with an order of the tenement house department, ordering the erection and alteration of a fire escape, and the placing of a ventilating skylight over a stair well.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 157.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Victor A. Harder Realty & Construction Company against Sam Ping Lee.  Judgment for defendant, and plaintiff appeals.  Reversed, and new trial granted.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Charles M. Russell (Walter L. Post, of counsel), for appellant.

Louis Spiegel (Ely Rosenberg, of counsel), for respondent.

LEHMAN, J.  The plaintiff sues as assignee of the defendant's landlord for damages caused by the defendant's refusal to comply with an order of the tenement house department requiring the erection and alteration of a fire escape, and the placing of a ventilating skylight in the roof over the stair well in premises leased to the defendant.  After the defendant refused to comply with these orders, the landlord made the repairs or alterations required, and this action is brought for the expense thereby incurred.

[1] The only question on this appeal is the proper construction of the lease under which the defendant holds the premises.  At the trial, when the lease was introduced in evidence, the trial justice promptly held that, under his construction, the tenant was not obliged to make these repairs.  The defendant's counsel then stated:  "I will concede the allegations of the complaint for the purpose of your Honor's ruling."  Having made this concession, he cannot on this appeal be heard to urge that, even if the construction which the trial justice placed upon the lease is erroneous, the dismissal of the complaint was proper because there are some allegations of the complaint not proven.

[2] The lease contains two clauses material to the question before us.  It provides:

"Second. The tenant shall promptly execute and comply with all rules, orders, ordinances, and regulations of the city government and of any and all departments and bureaus applicable to said premises, and also at his own expense comply with all sanitary laws, ordinances, and rules, and all orders

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the board of health or other authority affecting the cleanliness, occupation, and use of the demised premises and the sidewalk in front of same, and shall not place or allow to be placed in the same any article or thing deemed extra or specially hazardous on account of fire by any fire insurance company, and to comply with all the regulations of the New York Board of Fire Underwriters·for the prevention of fire at his own costs and expense."

"Eighth. The tenant shall take good care of the premises and keep the same in repair, both the interior and exterior of said building and premises described aforesaid, and at the end or other expiration of the same shall quit and surrender the demised premises and everything belonging and connected therewith in good state and order as reasonable use and wear thereof will permit, damage by the elements excepted."

It seems to me that a reasonable construction of these clauses requires us to hold that the tenant was obliged to make all repairs to the building required by conditions or by the order of any municipal department short of a reconstruction of the house. The mere fact that the order of the tenement house department is for such an alteration as would perhaps increase the value of the premises does not impose the burden of making the alteration upon the landlord, especially in view of the allegation of the complaint. This construction is not only in my opinion the only reasonable construction, but I believe is required under the decision of Markham v. Stevenson Brewing Co., 104 App. Div. 420, 93 N. Y. Supp. 684.

Judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.