(77 Misc. Rep. 119.)

## JACOBS v. McGUIRE.

(Supreme Court, Appellate Term.    June 21, 1912.)

1. LANDLORD AND TENANT (§ 152*)—CONDITIONS IN LEASE—BREACH.

Where a condition in a lease required the lessee to promptly execute and fulfill all ordinances of the city applicable to the premises, and all orders and requirements imposed by the board of health and police department for the correction and abatement of nuisances and other grievances, the lessee was required to erect a fire escape required by a city ordinance.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 152, 538–543, 545–549, 551–557; Dec. Dig. § 152.*]

2. LANDLORD AND TENANT (§ 152*)—CONDITIONS IN LEASE—ENFORCEMENT OF CONDITIONS.

Where, in the enforcement of such ordinance, the building bureau ordered the erection of a fire escape, and subsequently, under Laws 1911, c. 899, § 4, which amended the charter, the bureau of fire protection was established, the fact that the fire commissioner, and not the superintendent of buildings, through the act of 1911, became the proper official to require the building of the fire escape, did not deprive the lessor, who, on the lessee's refusal had completed it, of his right to reimbursement from her.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 152, 538–543, 545–549, 551–557; Dec. Dig. § 152.*]

Seabury, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Samuel K. Jacobs against Marguerite McGuire. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

E. Louis Jacobs, of New York City, for appellant.

Edwin N. Whitfield, of New York City (Russell Lord Tarbox, of New York City, of counsel), for respondent.

BIJUR, J. This case involves substantially only questions of law. Plaintiff leased to defendant on March 2, 1909, certain premises in this city for a term of five years, beginning May 1, 1909, at an annual rental of $4,500. The lease provided, however, that after May 1,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

1911, the lessor might cancel the lease on 60 days' written notice. The controversy arose out of the following clause:

"And the lessee hereby agrees to further and promptly execute and fulfill all the ordinances of the city corporation applicable to said premises, and all orders and requirements imposed by the board of health and the police department for the correction, prevention, and abatement of nuisances or other grievances in, upon, or connected with said premises during said term, or other grievances, at her own expense."

Defendant used the premises as a dressmaking establishment, having over 20 employés at work. On May 24, 1911, the bureau of buildings directed the erection of a fire escape. Plaintiff notified the defendant, but she refused to do the work. Subsequently, some time in October, plaintiff had the fire escape constructed at a cost of $300, for which this action is brought. In the meantime, on August 3d, plaintiff sold the premises, giving the purchaser, however, indemnity to secure plaintiff's removal of this so-called "violation." On this state of facts, it seems plain that plaintiff should be entitled to recover.

[1] In support of the judgment, respondent urges: (1) That, under the general terms of the lease, the language in the clause in controversy should not be interpreted to require defendant to make an alteration or addition to plaintiff's premises of so permanent a nature, and cites the case of Kalman v. Cox, 46 Misc. Rep. 589, 92 N. Y. Supp. 816, in support. Even a casual reading of the opinion, however, will show that the language of the clause there interpreted differs from the one in the lease at bar, in that the phrase "for the correction, etc., of nuisances," in the Kalman Case, qualified all the ordinances or orders which the lessee agreed to obey, whereas, in the case at bar, it qualifies only the orders of the health and police departments, leaving defendant's agreement to execute the ordinances of the city corporation a general and unconditional one. As the order to erect a fire escape was one to comply with section 103 of the building Code, it seems to me that it was included in the provisions of this clause of the lease, and the defendant was bound to comply therewith. Harder Realty Co. v. Lee, 74 Misc. Rep. 436, 132 N. Y. Supp. 447.

It is true that in both the Harder Case, supra, and in Markham v. Stevenson Co., 104 App. Div. 420, 93 N. Y. Supp. 684, therein cited, there were contained in the lease general covenants to repair, from which it might be clearly inferred that a permanent substantial, or even structural, defect required to be corrected by the appropriate department of the city government, must be made by the tenant, whereas, in the case at bar, the lease contains no such general covenant, but, on the contrary, contains a clause whereunder the landlord agrees to make some 20 enumerated repairs or changes, and the tenant to run a flight of stairs through the house in the rear. I do not see, however, how the distinction which I have pointed out between the form of the leases referred to warrants our holding that the erection of a fire escape, rendered necessary by the very use of the premises made by the tenant, was outside of the contemplation of the parties, evidenced by the agreement of the tenant to comply with the appropriate city ordinances.

136 N.Y.S.—5

[2] Respondent's second and principal point, and the one upon which, apparently, the learned trial judge below relied, is that chapter 899 of the Laws of 1911, under which the bureau of fire prevention was established, and which became effective October 19, 1911, caused the superintendent of buildings to be superseded by the fire commissioner in the enforcement of laws and ordinances in respect of fire escapes. See section 4 of the act, and the thereby newly added section 774 of the charter. It may be that, had the plaintiff refused or persisted in the refusal to obey the lawful order of the superintendent of buildings issued May 24, 1911, the fire commissioner, and not the superintendent of buildings, would have, through the act of 1911, become the proper official to compel obedience, but that situation did not arise. Defendant, being under an obligation to obey an ordinance of the city under direction of the duly appointed officer, the superintendent of buildings, refused to do so; and plaintiff properly obeyed that lawful mandate, and is entitled to be reimbursed therefor.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.

LEHMAN, J., concurs. SEABURY, J., dissents.