DAVIS BROTHERS REALTY CORPORATION, INC., Appellant, v. CHARLES E. HARTE, Doing Business as the MUTUAL TOWEL SUPPLY COMPANY, Respondent.

DAVIS BROTHERS REALTY CORPORATION, INC., Appellant, v. GEORGE W. BAYLIS and ALBERT E. FROST, a Copartnership, Doing Business under the Name of GEORGE W. BAYLIS & Co., Respondents.

First Department, February 4, 1921.

Summary proceedings — what constitutes factory within meaning of Labor Law, section 2 — right to maintain summary proceedings where tenant fails to perform covenant to make repairs or obey orders of municipal officers or departments — ejectment proper remedy.

A building consisting of a cellar and five stories is a factory within the meaning of the Labor Law, section 2, where the three top floors are occupied by a tenant engaged in the manufacture of chemicals and perfumery sachets and employing about ten people at labor, and the second story is occupied by tenants engaged in the towel supply and printing business and employing about five men.

Summary proceedings cannot be maintained to dispossess a tenant for failure to obey orders of the fire department of the city directing the landlord to comply with certain requirements of the Labor Law respecting the windows on the fire escape and the construction of doors opening thereon, and orders of the bureau of buildings directing the landlord to inclose the elevator shaft, though the lease contains a covenant providing for forfeiture for failure to obey said orders and regulations, for a failure to obey said orders is not among the grounds for removal of a tenant specified in section 2231 of the Code of Civil Procedure.

Said summary proceedings cannot be sustained under section 94 of the Labor Law, since by the terms of the lease the tenant was under no duty to comply with the Labor Law, but merely "all lawful orders and regulations" of the board of health, police department and city corporation, or other lawful authorities. Said covenant does not mean a duty imposed by statute but refers to orders and regulations made by subordinate departments of municipalities or other authorities which exercise regulatory police power.

While, if there was a breach of the covenant, the landlord had an option to terminate the lease, the breach was not in the nature of a conditional limitation on the demised term, and, therefore, the landlord cannot base his claim to resort to summary proceedings upon the theory that the lease has expired; under such circumstances ejectment is the proper remedy.

APPEAL by the plaintiff, Davis Brothers Realty Corporation, Inc., in each of the above-entitled actions, from an order and determination of the Appellate Term, entered in the office of the clerk of the county of New York on the 24th day of June, 1920, reversing final orders of the Municipal Court of the City of New York, Borough of Manhattan, First District, dispossessing respondents from 47 Warren street, borough of Manhattan.

*Arthur J. Brothers* of counsel [*Epstein & Brothers*, attorneys], for the appellant.

*William J. Smith* of counsel [*William P. Dalton* with him on the brief; *Dean, King, Tracy & Smith*, attorneys], for the respondents.

PAGE, J.:

The building No. 47 Warren street consists of a cellar and five stories. The top three stories are occupied by the tenants Baylis and Frost and the second story by the tenant Harte, where they carry on business. Baylis and Frost manufacture chemicals and perfumery sachets, employing about ten people at labor. Harte and his subtenant are engaged in the towel supply and printing business and employ about five people at labor. The building was, therefore, a "factory" within the definition of the Labor Law (§ 2, as amd. by Laws of 1917, chap. 694), and the provisions of that statute are applicable to this building and the several portions thereof occupied by the aforementioned tenants.

The premises, in April, 1919, were owned by the Rector,

Churchwardens and Vestrymen of Trinity Church, who in that month leased the premises to the said tenants by separate leases, containing identical covenants with terms commencing on May 1, 1919, and ending May 1, 1922. On November 11, 1919, the Rector, Churchwardens and Vestrymen of Trinity Church conveyed the premises and assigned the leases to the landlord, appellant.

The leases contained the following covenants: " That the tenant will not  *  *  *  under the penalty of forfeiture and damages, and will promptly comply with and execute all lawful orders and regulations of the Board of Health, Police Department and City Corporation, or other lawful authorities relating to said premises, under the like penalty and damages."

On November 11, 1919, the fire department of the city of New York ordered the landlord to comply with certain requirements of the Labor Law, with respect to the windows opening on the fire escape, and the construction of doors opening thereon. On January 16, 1920, the bureau of buildings of the borough of Manhattan, city of New York, notified the owner of the premises to inclose the elevator shaft to conform to section 374, subdivision 2, of the Building Code, and to comply with rule No. 12 of the elevator rules and regulations adopted by the board of standards and appeals.

On January 21, 1920, the landlord notified the tenants to comply with these orders and that upon their failure to do so, within five days from the date, it would elect to terminate and cancel the leases and would proceed under the statute to recover the possession of the premises. On February 4, 1920, the landlord notified both tenants that it elected to terminate and cancel their leases and required the tenants to immediately vacate and remove from said premises. On March 8, 1920, summary proceedings were instituted and resulted in final orders in favor of the landlord. Upon appeal the Appellate Term reversed the order of the Municipal Court and granted leave to appeal to this court. (112 Misc. Rep. 473.)

In my opinion the landlord could not maintain summary proceedings, which are purely statutory, to recover possession of the demised premises. The failure to perform a covenant to make repairs or to obey all the orders of municipal officers

or departments is not among the grounds for the removal of a tenant specified in section 2231 of the Code of Civil Procedure. Nor in my opinion can the proceeding be sustained under section 94 of the Labor Law (as amd. by Laws of 1915, chap. 653). That section gives the landlord the right to resort to dispossess proceedings in two instances: *First,* if the tenant fails or refuses to permit the owner, his servants or agents to enter and remain upon the demised premises whenever and so long as may be necessary to comply with the provisions of law, the responsibility for which is by this section placed upon the owner; and *second,* " whenever by the terms of a lease any lessee or tenant shall have agreed to comply with or carry out any of such provisions, his failure or refusal so to do shall be a cause for dispossessing said tenant by summary proceedings as aforesaid " (*i. e.,* as provided by the Code of Civil Procedure). The phrase " any of such provisions " refers to the preceding sentence, and means " the provisions of law, the responsibility for which is by this section placed upon the owner." In the covenant in these leases the tenant does not agree to comply with or carry out any of the provisions of the Labor Law. The tenant agrees to carry out *all lawful orders and regulations* of the board of health, police department and city corporation or other lawful authorities. This does not mean a duty imposed by statute law but refers to orders and· regulations made by subordinate departments of municipalities or other authorities which exercise regulatory police power.

If the changes in the premises are to be deemed not structural and are otherwise of such a nature as to be within the intent of the parties, so that the tenants violated this covenant by refusing or failing to obey the orders of the bureau of buildings and the fire department, the landlord undoubtedly has the option to terminate the lease. The breach of this covenant, however, is not in the nature of a conditional limitation on the demised term; therefore, the landlord cannot base his claim to resort to these proceedings upon the theory that the lease has expired. (*Kleinstein* v. *Gonsky,* 134 App. Div. 266.) The law is thus stated in 2 McAdam on Landlord and Tenant (4th ed.), 1563: " If the. tenant fails to observe the covenants upon his part contained in the lease * * *

and if the lease contain a condition that upon default by the tenant in the performance of the covenants and conditions of the lease, the lease shall cease and determine, or be null and void, the estate becomes forfeited upon· the breach. The breach, however, does not render the lease absolutely void, but voidable only, at the option of the lessor; and if the landlord desires to insist upon the forfeiture, he must enforce the same by action of ejectment for the possession of the premises."

For these reasons the determination of the Appellate Term should be affirmed, with costs.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Determination affirmed, with costs.