JANE W. HAYMAN, Landlord, *v.* BUTLER BROTHERS, Tenant.
Municipal Court of the City of Syracuse, September 27, 1949.

642

*Gerald H. Henley* for landlord.

*Sidney B. Coulter* for tenant.

SKERRITT, J. This is a summary proceeding. The landlord, Jane W. Hayman, seeks to evict the tenant, Butler Brothers, an Illinois corporation, from a commercial property located at No. 2810 South Salina Street in the city of Syracuse, for two alleged violations of the long-term lease: (1) That the tenant failed to make available for inspection certain records covering gross sales for the year 1947. (2) That the tenant failed to pay part of the rent due for that year.

Denying any breach of the lease, the tenant relies principally on its objection to the jurisdiction of the court: That a summary proceeding cannot be maintained, since the lease sets forth a " condition ", for which the remedy is ejectment; and not a " limitation ", which permits a summary proceeding.

Passing the questions of fact, and assuming without deciding that the tenant is in default for failure to make the above-mentioned records available, we come to the question of jurisdiction. The lease provides that if the tenant defaults in the performance of any provision therein, and remains in default for fifteen days after notice, then " at the option of the landlord " the lease shall terminate, in which event the landlord " may re-enter the premises and remove all persons therefrom "; and that in such case the tenant waives notice of the landlord's " intention to re-enter."

On the decisive question as to whether this enforcement clause presents a condition subsequent, known simply as a " condition ", or a conditional limitation, called a " limitation ", the distinction is well recognized. A " condition" does not automatically terminate the lease upon the breach, but permits the lease to continue until the landlord takes advantage of the breach; while a " limitation " itself limits and terminates the lease upon the breach, without any further act by anybody. In other words, a " condition " ends the lease only when the landlord so elects and acts upon it; while a " limitation " ends the lease automatically. With a " condition ", the only remedy is the common-law action of ejectment. With a " limitation ", the statutory summary proceeding is permitted. (8 Carmody on New York Practice, § 185; 2 McAdam on Landlord and Tenant [5th ed.], p. 1609; *Lyon* v. *Hersey,* 103 N. Y. 264; *Riesenfeld, Inc.,* v. *R-W Realty Co.,* 223 App. Div. 140; *Burnee Corp.* v. *Uneeda Pure Orange Drink Co.,* 132 Misc. 435.)

In this connection it may be noted that the expressed intention of the parties is not controlling. If the lease provides that an event, which presents a condition and not a limitation, shall permit a summary proceeding, the courts will not enforce it, since the parties cannot by agreement confer jurisdiction of the subject of the action. (2 Carmody on New York Practice, § 750; 1 Wait on New York Practice [4th ed.], § 12.) The court may of its own motion dismiss the action where it has no jurisdiction of the subject matter. (*Patrone* v. *Howlett,* 237 N. Y. 394.)

In the instant case the enforcement clause above set forth does not provide that the lease shall terminate upon default or notice; nor upon continued default after notice. It merely provides for termination " at the option of the landlord ", after default and notice. The landlord may not wish to terminate the lease, in which case it continues on after default and notice. It cannot be terminated merely by default, notice, and subsequent lapse of time. It can be terminated only by default, notice, lapse of time, and the landlord's subsequent election to re-enter.

This clearly presents a condition, requiring the further acts of election and re-entry; not a limitation, which would automatically accelerate the term and end the lease. So the landlord's only remedy is ejectment, now known as an " action to recover real property ", under sections 990–1011 of the Civil Practice Act. (*Riesenfeld, Inc.,* v. *R-W Realty Co.,* 223 App. Div. 140; *Goldberg* v. *Levine,* 199 App. Div. 292; *Davis Brothers Realty Corp.* v. *Harte,* 195 App. Div. 403; *Murray Realty Co.* v. *Regal Shoe Co.,* 265 N. Y. 332.)

It is true, of course, that the common-law meaning of the term " re-enter ", as indicating ouster by ejectment, may not always apply where the lease properly provides some other or alternative method of resuming possession. (*Ehret Holding Corp.* v. *Anderson Galleries,* 138 Misc. 722.) In the instant case, however, the lease contains no language to impair the common-law significance of this term. As here used it refers to re-entry, as known to the common law, which can be accomplished only by ejectment. (*Michaels* v. *Fishel,* 169 N. Y. 381.)

While the instant case presents no difficulty, the distinction between a condition subsequent and a conditional limitation, as applied to a lease, has become complicated after a century of litigation in this State. In many conflicting decisions the distinction seems rather fine for the naked eye. (For a learned discussion of many New York cases see 11 N. Y. U. L. Q. Rev. 15–30; 38 Yale L. J. 262, and 44 Yale L. J. 1099.)

Proceeding dismissed, with costs.