Abthub Wachtel, J.
The petition alleges that the New York City Department of Buildings has issued a notice that a violation exists in the afore-mentioned premises in that, contrary to the labor laws of the State of New York, the tenant is conducting a shop or factory in said premises and without proper and sufficient means of egress. There is no violation existing in the tenant’s premises by reason of the notice of the Department of Buildings. The violation exists in the premises occupied by the south tenant. However, this violation results from the cutting off of egress to the fire exit, by reason of a partition erected by the tenant involved in this proceeding.
The tenant’s argument that the landlord’s consent to the making of the alterations deprives it of its right to call upon the tenant to permit it to make the necessary alterations is untenable. The case relied upon by the tenant, 816 Fifth Ave. v. Purdy (127 N. Y. S. 2d 695) applies to a situation where *814 the conditions complained of by the landlord and resulting in the violations result solely from the affirmative acts of and created by the landlord, as specifically set forth in the opinion of the court. In such a case the landlord may not give rise to these acts and conditions as a basis for a claim of illegal occupancy of the apartment by the tenant. Furthermore, in that case the court specifically stated: “ These conditions and the violations are capable of removal by the landlord and the burden and duty with respect thereto rest on the landlord.” The tenant also relies upon the line of cases involving conversion of residential dwellings to the effect that where the violation may be removed without the necessity of evicting the tenant, the landlord may not obtain a final order for the removal of the tenant (Schechter v. Osterman, 121 N. Y. S. 2d 320 [App. Term, 2d Dept., 1949]). However, these cases do not apply to cases involving manufacturing and factory establishments wherein alterations are made by the tenant with the consent of the landlord, pursuant to a lease which sets forth the rights and duties of the parties. Even in the cases where tenant’s occupancy is lawful and violations occur which require certain alterations, the Appellate Term, First Department, has required the landlord to apply to the Bent Commission for a certificate of eviction under section 51 of the Bent and Eviction Regulations (Garber v. Egger, 132 N. Y. S. 2d 371; Harnor Realty Co. v. Mondarelli, 5 Misc 2d 618); and where, in the case of a tenant occupying an illegally subdivided apartment, the adjoining tenant moved out and the tenant was willing to occupy the entire floor after a single apartment would be restored, the Appellate Term, First Department, refused to evict and instead, indicated that the landlord restore the apartment and apply to the Bent Commission to fix the rent for the newly created apartment. (Edwards v. Edwards, 11 Misc 2d 873; cf. Administrator’s Opinion No. 114.) However, in the case at bar, the tenant has objected to the alterations required by the approved plans upon the ground that they would result in a single occupancy for the entire floor, and this would not be practical. Yet, under the lease the tenant is obligated to permit these repairs. If any hardship occurs, it is chargeable to the lease the tenant executed.
In respect of the additional ground alleged in the petition; namely, that the tenant has violated a substantial obligation of the lease after due notice, the decision of the court is controlled by the intention of the parties as determined by the terms of the lease. The lease specifically provides that the tenant will “ comply with all the laws, orders and regulations of the *815 federal, state, county and municipal authorities and with any direction of any public officer or officers pursuant to law, which shall impose any duty upon landlord or tenant with respect to demised premises or the use and occupancy thereof.” While it is true that the cases have held that this compliance covenant alone does not control and that the entire lease must be read to determine the intent of the parties, such intent in this case is clear from a reading of the lease. It is the tenant’s obligation to permit the landlord to make the repairs required by the approved plans. Annexed to the lease is a typewritten rider wherein is provided in paragraph 37 the following: “ In the event any Federal, State, County, City or Municipal authorities, departments or officers shall issue any requirements, laws, orders, ordinances and regulations or directions which shall impose any duty upon the landlord to comply with same and in compliance therewith, it becomes necessary for the landlord to take and use part of the premises hereby demised, the tenant agrees not to hinder or interfere with the landlord or her agents, who shall have free access to the demised premises, and all without interference by the tenant and without any liability on the part of the landlord and no further consent of the tenant is necessary or shall be required, nor shall there be any abatement of rent on the part of the landlord during such alterations.”
Paragraph 38 of the typewritten rider provides: “ The tenant herein takes the premises as they now exist; and shall at its own cost and expense perform and make all alterations in and about the demised premises necessary for the conduct of the tenant’s business * *
Paragraph 39 of the typewritten rider provides: “ The aforesaid alterations and repairs made or to be made by the tenant shall in no wise require the landlord to make any alterations or improvements, either structural or otherwise, in any part of the building by reason thereof.”
While the cases have divided on the question as to whether repairs were of such an extensive character as to indicate that the tenant did not contemplate making them (cf. 10 Suf Realty v. Fins, 202 Misc. 944, affd. 202 Misc. 950; Davis Bros. Realty Corp. v. Harte, 112 Misc. 473, affd. 195 App. Div. 403), yet where the contrary appeared in the lease, the tenant has been charged (see Higgins v. Carter’s Ink Co., 226 N. Y. 642; Cohen v. Margolies, 192 App. Div. 217 [App. Div., 1st Dept.], affd. 232 N. Y. 584; Deutsch v. Hoe Estate Co., 174 App. Div. 685 [App. Div., 1st Dept.]; Harder Realty Co. v. Lee, 74 Misc. 436 *816 [App. Term, 1st Dept.]; Jacobs v. McGuire, 77 Misc. 119 [App. Term, 1st Dept.]; Pross v. Excelsior Cleaning & Dyeing Co., 110 Misc. 195; Lipbro Realty Corp. v. Eichler, 207 Misc. 839 [App. Term, 1st Dept.]).
The case at bar does not require repairs to the building itself but merely the removal of the partitions installed by the tenant itself, pursuant to its lease. If the tenant wishes to permit the necessary repairs so as to remove the violation which the partition erected by it has caused, the final order will be withheld pending a reasonable time for the tenant to do so (see 2 West 32nd St. Corp. v. Levine, 199 Misc. 1020 [Hecht, J.]; Glicker v. Williams, 103 N. Y. S. 2d 470). Even under the cases relied on by the tenant, if the violation cannot be removed without evicting the tenant, then such eviction must be allowed, especially where, as in the case at bar, the violation results from the alteration created by the tenant. In the case at bar, the landlord has the right to make the proposed alterations in accordance with the approved plans, under the lease between the parties; and the court will give the parties an opportunity to effectuate these alterations or agree on an equitable pro tanto arrangement for erecting a fire escape on the south side. If no such arrangement can be made within a period of 30 days, landlord may apply for a final order.