Frank J. Kronenberg, J.
The City Court of North Tonawanda dismissed this summary proceeding upon the ground that the termination clause in the lease provided for a condition rather than a conditional limitation. This court takes a different view...
The clause in the lease reads as follows: If the tenant shall violate any ‘‘ covenant or agreement contained in this lease, then, in either case, the said party of the first part shall have the right at their election, to terminate this lease, on first giving to the said party of the second part thirty days’ notice of such election, * * * and the above mentioned term shall thereupon cease at the expiration of the said thirty days, in the same manner and to the same effect, as if that were the expiration of the original term of this lease. ”
The difference between a condition and a conditional limitation is ably discussed in sections 970 through 975 of New York Law *458 of Landlord and Tenant. The distinction is said to be subtle. (§ 972.) A conditional limitation exists when the lease provides that it shall terminate upon the happening of an event (which event may be the optional giving of notice of termination by the landlord) without any further election, entry, or re-entry.
As stated in section 974: “ The test * * * to distinguish between conditional limitation and condition subsequent, is not whether the termination is at the option of the landlord, but whether the lease evinces a clear intention that an event, even though its occurrence is optional with the landlord, shall, when it transpires, end the lease as if it by its terms had been limited to that time.” Nor is it decisive that the landlords’ option to terminate depends on a contingency involving a default by the tenant. (§ 975.)
The lease herein provides that it expires unconditionally 30 days after the giving of the notice. That is a conditional limitation within the definitions above.
Two cases cited in the memorandum opinion of the City Court are helpful. In Onondaga Hotel Corp. v. Gurney (62 N. Y. S. 2d 550), the lease provided that in the event of a default by the tenant the landlord could give notice “ and in that event, this lease shall, at the option of the Lessor, become null and void and the Lessor may thereupon immediately re-enter ”. The court noted that such clause was ‘ ‘ clearly distinguishable from the situation where the landlord exercises an option to terminate and gives notice of his election as provided in the lease and at the expiration of the notice period the lease terminates. The latter situation is a limitation ” (p. 553).
In Hayman v. Butler Bros. (196 Misc. 641), the lease provided for termination “ at the option of the landlord ” after default and notice. The court noted that the termination clause did not provide that the lease ‘ ‘ terminate upon default or notice; nor upon continued default after notice. * * * It cannot be terminated merely by default, notice, and subsequent lapse of time ” (p. 643).
The order of the City Court is reversed and the matter is remitted to that court for further proceedings.