EPSTEIN et al. v. SAVIANO.

(Supreme Court, Appellate Term.   June 28, 1906.)

LANDLORD AND TENANT—REPAIRS BY TENANT.

Under a lease providing that if the tenant shall put and keep the premises in good order and repair; that in the event of a water meter being installed in said premises for the purpose of registering the water consumed by the saloon business the tenant shall pay the water charges; and that if the city requires the toilets to be removed from the yard to the building, or any structural changes to be made in said toilets, the landlord shall make such changes, the tenant is not liable for expense of putting in a water meter and sinks where there were none when the lease was made.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Simon Epstein and another against Semplicio Saviano. From a judgment for plaintiffs, defendant appeals.   Reversed, and new trial ordered.

Argued before GILDERSLEEVE, LEVENTRITT, and McCALL, JJ.

Marks Wolff, for appellant.
Isidore Hershfield, for respondents.

GILDERSLEEVE, J.   The facts in this case are undisputed.   The plaintiffs leased to the defendant certain premises, the lease containing, among other things, the following clauses:

"(1) The tenant agrees that he will, at his own expense, put the said premises in good order and repair and keep the same in good order and repair * * * at his own expense.   (2) In the event of a water meter being installed in said premises for the purpose of registering the water consumed by the saloon business to be conducted therein, the tenant agrees that he will pay annually on the first day of April in each year the amount of water tax or charge as the same may appear from said water meter; failing so to pay the same, the same shall be added to the rent for the succeeding month, and shall be collectible and enforceable as so much rent for said succeeding month.   All other and further water rents of said business shall be paid by the landlords.   (3) In the event of any municipal departments of the city of New York requiring the water closets or toilets on the premises 603 Morris avenue to be removed from the yard of said premises, and to be placed in the building of said premises, or any structural changes to be made in said toilets, the landlords agree to make such changes and alterations at their own expense, and to do the same in compliance with the requirements of the proper departments of the city of New York."

The premises were to be used in the saloon business.   The lease was dated September 26, 1905, running for three years.   In October, 1905, the plaintiffs received a notice from the water department requiring them to have the water meter repaired.   They notified the defendant to have the work done.   The defendant failed to comply with the plaintiffs' request, and the plaintiffs employed a man named Volkner to do the work.   Volkner testifies that he went to the premises, and there was no water meter there; there had been one there, but it had been removed.   When it was removed does not appear.   Volkner reported to the water department that there was no meter to be repaired,

as there was none there, and obtained a permit to put in a meter. This was done at an expense of $42. In December, 1905, Volkner received another notice, and, upon going to the premises, found that the toilets in the yard were not connected with the house meter, and he made the proper connections and also put in sinks on the second and third floors in the rear of the house. This work amounted to the sum of $35. The defendant not paying for these improvements, plaintiffs brought this action, and recovered a judgment for the $77 paid Volkner by them; the right to recover being based upon the clause in the lease obligating the defendant to "put the said premises in good order and repair, and keep the same in good order and repair." We think that the reasonable construction of that clause, when read in connection with the other clauses of the lease, requires the tenant to do more than the ordinary repairs to the premises. The tenant took the premises in the condition they were in at the date of the lease. If at that time there was a water meter upon the premises, and the same was not connected with the toilets, or was out of repair, it would be the duty of the tenant to see to it that it was repaired and properly connected, but it was not incumbent upon him to install a new meter or put new sinks in the house. Those articles are fixtures, and become the property of the landlord. Had the parties contemplated the payment by the tenant for a new water meter or to put in new sinks it should have been specifically mentioned in the lease, and such an addition to the premises cannot be properly termed repairs nor deemed to be included within a clause in the lease requiring the tenant to put in good order and keep in repair the demised premises.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.

McCALL, J., concurs; LEVENTRITT, J., in result.