HUGH GETTY, Plaintiff, *v.* FITCH, CORNELL & COMPANY, Defendants.

(Municipal Court of the City of New York, Borough of Manhattan, Ninth District, May, 1919.)

Lease — covenants — when tenant not liable for cost of structural changes — landlord and tenant — New York Building Code, § 161.

A tenant's covenant to comply with all laws and ordinances of the city of New York and any department thereof clearly implies a different obligation than a covenant to comply therewith at the tenant's own expense.

Where an order of the bureau of buildings of the city of New York, after reciting that a certain six story warehouse, which had been leased for the purpose of refrigeration and for the selling and dealing in butter, eggs and general merchandise, was not provided with good and sufficient egress in case of fire, as required by chapter 378 of the Laws of 1897, as amended, and section 161 of the Building Code, directed the owner of the building to forthwith provide certain specified means of egress, the tenant under its covenant to conform to all laws and ordinances of the city and any department, affecting the premises, is not obligated to do more than not to stand in the way of their enforcement, and the complaint in an action to recover from the tenant the reasonable cost of the changes will be dismissed.

A covenant of the lease that the tenant will not make any alterations in the premises without the written consent of the landlord does not make it liable for compulsory alterations.

ACTION upon a lease.

Benjamin Marcus, for plaintiff.

Aron & Wise (Harold G. Aron, of counsel), for defendants.

GENUNG, J. The action is brought by plaintiff, lessor of certain premises to defendant, to recover for failure to comply with certain conditions and covenants in a certain lease in not complying with an order issued by the bureau of buildings of the city of New York. The material portions of the lease are these:

"And the said party of the second part agrees to conform to all laws and ordinances of the City of New York, and any department of the same, affecting said premises and to indemnify said party of the first part, for any damage caused by the violation of said laws and ordinances."

"And during the duration of this lease will make without expense to the party of the first part all interior and exterior repairs, including roof and sidewalk, requisite to preserve the premises in good condition, said repairs to be equal to the original in class and quality."

"And the said party of the second part further covenants that it will not assign this lease, nor let or underlet the whole or any part of the said premises, nor make any alteration therein, without the written consent of the said party of the first part."

The premises are described in the lease as a " six story warehouse building, for refrigeration and selling and dealing in butter and eggs and merchandise generally."

The order, issued by the bureau of buildings, was entitled " Notice of Exit Order No. 14, 1918," and was dated January 14, 1918. The order recited that the building " is not provided with good and sufficient

means of egress in case of fire, as required by chapter 378, Laws of 1897, as amended by chapter 334, Laws of 1901, and section 161 of the Building Code " and directed the plaintiff, the owner of the said building, " to provide forthwith on or within said building the following means of egress: Provide guard rails around fire escape balcony floor openings; hand rails 3′ 0″ high on both sides of fire escape stairways between balconies; counterbalanced drop ladder to sidewalk. Scrape and properly paint iron work of fire escape. Provide proper exit signs at all means of egress."

It is not disputed that defendant received notice of the issuance of the foregoing order and refused to comply with it, that the reasonable cost of the work done by the plaintiff amounted to $282.04, and that the defendant has refused to pay said sum to the plaintiff. The defendant admits that plaintiff is entitled to the sum of sixty dollars, the costs of scraping and painting the ironwork of fire escape.

The only issue in the case is whether, under the terms of the lease, the plaintiff was bound to make the structural changes ordered by the bureau of buildings. In no case is a tenant obligated to make structural changes, even where he covenants to comply with and perform municipal orders and regulations at his own sole cost and expense, except where the violation has been created through the act or at the request of the tenant. *Herald Square Realty Co.* v. *Saks & Co.,* 215 N. Y. 427. The tenant, under a covenant to comply with municipal orders and regulations, is not obligated to do so at his own cost and expense unless he has expressly so stipulated. *City of New York* v. *United States Trust Co.,* 116 App. Div. 349. A covenant to conform to all laws and ordinances of the city of New York and any department of the same, which

is the language of the lease herein, clearly implies a different obligation than a covenant to comply therewith at the tenant's own cost and expense. An agreement to conform and comply are not synonymous and, under an agreement to conform to laws and ordinances, the tenant clearly is not obligated to do more than not to stand in the way of their enforcement. The covenant in the lease herein, that the tenant shall not make any alteration therein without the written consent of the owner, precludes the claim for liability for compulsory alterations. *City of New York* v. *United States Trust Co., supra.* An examination of the authorities will show that the tenant has been held liable only where the lease contained an ironbound covenant which the courts could not escape; further, that the courts, realizing the hardship of subjecting the tenant to liability for structural changes, have sought wherever possible to avoid this result and that in no case has so weak a covenant as that contained in the lease herein been given a construction adverse to the tenant. *Warrin* v. *Haverty,* 159 App. Div. 840; *May* v. *Gillis,* 169 N. Y. 330; *Street* v. *Central Brewing Co.,* 101 App. Div. 3; *Epstein* v. *Saviano,* 51 Misc. Rep. 28; *Younger* v. *Campbell,* 177 App. Div. 403. The lease, prepared by the landlord, must be construed *contra preferentem* and the liability of the tenant thereunder in no case should be enlarged beyond the necessary import of the covenant.

The plaintiff is entitled to recover judgment against defendant in the sum of sixty dollars, admitted to be due him, and the defendant is entitled to dismissal of the complaint as to the other items claimed.

Judgment accordingly.