WILLIAM N. COHEN, Plaintiff, *v.* EDWARD MARGOLIES and LEW M. FIELDS, Defendants.

(Municipal Court of the City of New York, Borough of Manhattan, Ninth District, June, 1919.)

Lease — covenants — when landlord entitled to recover of tenant for failure to comply with certain requirements of Labor Law — landlord and tenant.

   Where the tenants of leased premises in the city of New York covenant at their own sole cost and expense to promptly comply with all laws, orders, etc., of any municipal or other lawful authority, appertaining to or affecting the premises, and upon their failure to comply with an order of the fire department of the city requiring the landlord to comply with certain requirements of the Labor Law, and the landlord after being summoned to court for violating the law caused the work to be done in compliance with said order, he is entitled to recover from the tenant the sum actually spent, the same being reasonable in amount.

ACTION by landlord against tenant to recover money disbursed.

Goldsmith, Cohen, Cole & Weiss, for plaintiff.

Nathan G. Goldberger (Paul M. Crandell, of counsel), for defendant Margolies.

LAUER, J. This is an action brought by the plaintiff to recover of the defendant the sum of $675, the amount which the plaintiff disbursed for constructing certain iron fire escapes and other items which will be referred to more in detail hereafter. The plaintiff is the landlord and the defendant the tenant under a written lease which demised the premises 117, 119 and 121 West Forty-second street for the period of ten years from September 7, 1910. The lease contained the following clause: " The parties of the second part [the lessees] further agree and covenant that they will promptly comply with each, every and all laws, orders, regulations and notices made by or pursuant to any federal, state, county or municipal or other lawful authority, in, upon, appertaining to or affecting the said demised premises or their appurtenances, at their own sole cost and expense and will pay all fines and penalties incurred by the said demised premises or the parties of the first part or second part hereto which may be imposed by reason of any failure, actual or alleged, on either of their parts, thus promptly to comply with and execute the same."

The landlord received an order from the fire department of the city of New York which required him to comply with the requirements of the Labor Law in the following respects:

" 1. Provide an outside iron balcony fire escape on the rear of building with the balconies four feet in

width, connected by stairways not less than 22 inches wide, placed at an incline of not more than 45 degrees extending from ground to roof, constructed as per section 79b-4 of the Labor Law or carry out a proper alternative method or comply with section 79b-1 of the Labor law.

" 2. Extend the interior stairway to the roof as per sections 79b-1 and 79c-1 of the Labor law."

Upon failure of the defendants to comply with this order and after being summoned to court for violating the law the plaintiff caused the work to be done in compliance with this order and the evidence shows that he expended the sum of $675 to have the work done. Defendants claim that they are not obligated under the terms of the lease or otherwise to pay the plaintiff for the cost of the work thus required to be done, claiming that such work is of a structural nature which under the authorities a tenant is not required to make.

The defendants rely upon two cases in support of their contention. The first, a decision of my associate, Mr. Justice Genung, in the case of *Getty* v. *Fitch, Cornell & Co.*, 107 Misc. Rep. 404, and the second case of *Younger* v. *Campbell*, 177 App. Div. 403.

In the case decided by my associate, Mr. Justice Genung, the covenant in the lease required the tenant merely to " conform " to all laws and ordinances of the city of New York, and the learned justice points out a very clear distinction between such a covenant and a covenant requiring the tenant to " comply." That was the real issue in the case. In the case under present consideration the covenant is broad and unlimited. The tenants obligated themselves that they will promptly comply with all laws and orders, etc. There is thus presented a very different question than that presented in the case decided by Mr. Justice Genung.

In the case of *Younger* v. *Campbell* the covenant in the lease was substantially the same as in the lease in the present case. In that case there were three certain orders issued by the fire commissioner requiring the owner to do work consisting of providing an iron stairway; providing a counter balanced stairway; repairing fire escapes; painting fire escapes; providing a return rail, top and bottom, on a fire escape; providing metal or kalamined frames and sashes with wire glass for the windows opening on fire escapes; providing an inclosure of fire-retarding material around a stairway from the cellar to the roof; installing telegraphic communication with the fire department; installing an interior electric fire alarm system. The court in the course of its opinion says: " Examining the details of the orders issued by the fire commissioner it is apparent that there is one, at least, which is a structural change which was not chargeable to the tenant under any fair construction of his lease." This was the requirement that the owner should provide an inclosure of approved fire-retarding material around the stairway from the cellar to the roof. The court likens this repair to that in the case where the owner was required to repair walls and to remedy a bulge therein which involved taking down the rear wall and replacing it with a new one, and rebuilding one of the side walls and anchoring the front wall. This was the order in the case of *Warrin* v. *Haverty*, 159 App. Div. 840. Neither of these cases, therefore, seems to me to be at all determinative of the issues in the present case.

Considering a substantially similar covenant in the case of *Kalman* v. *Cox*, 46 Misc. Rep. 589, the court says that the " covenant was without limitation in terms and may be broad enough to cover the erection of a fire escape under an order of the tenement house

department, although we are not called upon to determine that question here.''

In the case of *Jacobs* v. *McGuire,* 77 Misc. Rep. 119, the covenant required the tenant to promptly execute and fulfill all municipal ordinances applicable to the premises and all orders and requirements of the board of health and police department for the correction, prevention and abatement of nuisances or other grievances. The court held that the erection of a fire escape in compliance with appropriate city ordinances was not outside of the contemplation of the parties under the lease.

In the case of *Bubeck* v. *Farmers Loan & Trust Co.,* 180 App. Div. 542, the court held under a covenant in the lease which required the tenant to '' promptly perform and observe all lawful regulations, requirements,'' etc., that the inclosure of an inner stairway with fire-resisting material was not of such a nature as the tenant was obligated to perform. It was further held, however, that items in the order which required additional means of exit, screening closets and self-closing gates at the elevator openings, involving an aggregate cost of $407, properly rested upon the tenant.

In the light of the authorities I can see no reason to limit the liability of the tenants under the terms of the covenant in the lease as regards the work required to be done under the order of the fire commissioner in the present case. The work required to be done does not seem to me to be within the meaning and use of the term structural changes as that term has been applied in some of the cases. Those changes are the replacing or building of walls or foundations, and none of the authorities which have been called to my attention which do not require the building of walls or foundations have been held to be without the terms of a gen-

eral covenant such as that before quoted contained in the lease between the parties hereto. I conclude, therefore, that the defendants are liable.

Some question was made at the time of the trial as to the reasonableness of the amount expended by the plaintiff in the present case. There can be no question but what the plaintiff actually spent this money and the man who did the work has testified that the charge made was reasonable. In spite of the fact that two apparently competent parties testified to sums considerably below that represented by the payment made by the plaintiff for the work I am disposed to believe that the charge made by the party who did the work was not unreasonable. The testimony of the defendants' experts may be to some extent influenced by the fact that they are not required to do the work and that they are only giving an estimate for something they are not called upon to actually perform. Besides, the work was done when the nation was at war, when labor and material were largely devoted to the successful conduct of the war, and under the circumstances I do not feel justified in holding the plaintiff to too strict an accountability in regard to an expense he was put to by reason of the defendants' failure to do the work they were required to do according to the opinion I have reached under the covenant of the lease.

Judgment is accordingly given for the plaintiff for $681.75, representing the cost of the work, $675, plus interest, $6.75.

Judgment accordingly.