AEE HOLDING CORPORATION, Plaintiff, *v.* THE TEXAS COMPANY, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, May 3, 1933.

*Stein & Šalant* [*Joseph J. Cunningham* of counsel], for the plaintiff.

*Albert E. Van Dusen*, for the defendant.

BISSELL, J. This is an action for rent which brings before the court for construction the terms of a written lease entered into between the Red Star Realty Co., Inc., as landlord, and Ditmar Bros., Inc., as tenant, the landlord having assigned its right, title and interest in and to said lease to the plaintiff, and the tenant having assigned its right, title and interest in and to said lease to the defendant. The lease, by a typewritten insert on its initial page, sets forth that the tenant has taken and hired the premises

" for a term of ten years commencing October 1st, 1927, and terminating on September 30th, 1937, at the following rental," the rental for the various years being duly set forth. Thereafter, by a typewritten rider prepared by the tenant and inserted in the lease at the suggestion of the tenant, it is provided: " on or before March 1st, 1931, the tenant shall notify the landlord if it desires to continue this lease for the term from October 1st, 1932, to September 30th, 1937." An assignment of the lease, assented to by the plaintiff herein, contains the words, " Subject to the tenant's right to terminate said leasehold estate on October 1st, 1932." It is further agreed that no notice was given by the defendant to the plaintiff on or before March 1, 1931, as provided for in the typewritten rider; and it is further agreed that rent was paid to September 30, 1932, and that the defendant vacated the premises on the last mentioned date and has paid no rent to the plaintiff since that time.

The question before the court is the construction to be given this ambiguous lease. It seems well settled that a lease should be construed in favor of a tenant where there is any real ambiguity. (*507 Madison Avenue Realty Co.* v. *Martin*, 114 Misc. 314.)

In *Temple Co.* v. *Guano Co.* (162 N. C. 87, at p. 89) the court said: " If there is any real ambiguity, the doubt must be settled against the lessor, for ' it is a general rule, in construing provisions of a lease relating to renewals, where there is any uncertainty, that the tenant is favored, and not the landlord, because the latter having the power of stipulating in his own favor, has neglected to do so; and also upon the principle that every man's grant is to be taken most strongly against himself. Taylor's Landlord and Tenant (9th Ed.), sec. 81.' *Kaufman* v. *Liggett*, 209 Pa. St., 87."

In connection with construing the instrument in this case, the interpretation put upon it by the parties themselves may be of some assistance in guiding the court. It will be noted that in the assignment of the lease in question, the parties have specifically recited that the lease in question was " subject to tenant's right to terminate said leasehold estate on October 1st, 1932," in spite of the fact that that same assignment recites the terms of the rental until and including September, 1937.

In *Carthage T. P. Mills* v. *Village of Carthage* (200 N. Y. 1, at p. 14) the court said: " If they [the parties] do not know what they meant, who can know? Such a construction is presumed to be right, because it was made by the parties themselves when under the influence of conflicting interests. *This is true whether the construction is by contemporaries or their successors,* for it is self-interest that makes the construction valuable and safe."

Again in *Woolsey* v. *Funke* (121 N. Y. 87, at p. 92) the court said: "But if I am not clearly right in this interpretation of the language, it must at least be admitted, as it seems to me, that the language is somewhat ambiguous or indefinite. *Under such circumstances the practical interpretation of this agreement by both parties is a consideration of very great importance.* As was said by Mr. Justice SWAYNE in *Insurance Company* v. *Dutcher* (95 U. S. 269, 273), 'the construction of a contract is as much a part of it as anything else. There is no surer way to find out what parties meant than to see what they have done. Self interest stimulates the mind to activity and sharpens its perspicacity. Parties in such cases often claim more, but rarely less than they are entitled to. The probabilities are largely in the direction of the former.' Let us see then what the parties have said and done in regard to this matter."

Having in mind the terms of the original instrument in this case and the assignment thereof, which is also in evidence, there seems no doubt that the parties hereto intended that the term granted was to be a period of five years, with the right to the tenant to continue the lease for a further period of five years on the terms therein specified.

Judgment for defendant. Action dismissed.