Arthur Wachtel, J.
The landlord brings this proceeding on the basis of the fire clause, article 10 of the lease, and relies upon a limitation of the term provided therein. This clause provides as follows: “ If the demised premises are totally damaged or are rendered wholly untenantable by fire or other cause, and if Landlord shall decide not to restore or not to rebuild the same, or if the building shall be so damaged that Landlord shall decide to demolish it or to rebuild it, then or in any of such events Landlord may, within ninety (90) days after such fire or other cause, give Tenant a notice in writing of such decision, which notice shall be given as in Article 27 hereof provided, and thereupon the term of this lease shall expire by lapse of time upon the third day after such notice is given, and Tenant shall vacate the demised premises and surrender the same to Landlord.”
The lease is the standard form of store lease prepared by the real estate board of New York. The notice dated August 1, 1956 which is relied upon by the landlord states that “ the landlord shall in due course decide either not to restore or not to rebuild the said premises.”
The testimony of the landlord on cross-examination was as follows:
“ Question: What do you intend to do with the building, Mr. Resciniti? Answer: I don’t know yet.
“ Question: There is a chance that you may sell it as is, is that true, Mr. Resciniti? Answer: Possibly.
‘ ‘ Question: And not demolish it or rebuild it, but sell it as it is? Mr. Pratt: I object to that, if the Court pleases.
Mr. Williams : It is very material. The Court : Overruled. Gro ahead.
“ Question: You may sell it as is without rebuilding —
Mr. Pratt : I object to it, if the Court pleases, what he may do.
The Court: Overruled. Mr. Pratt: Exception. The Court: What is the answer ?
‘ ‘ Answer: I say, I don’t know what I am going to do. ’ ’
*986 On redirect, he testified as follows: “ Question: Mr. Resciniti, if your corporation doesn’t sell this building in its present condition, you are going to rebuild or demolish, aren’t you? Mr. Williams: I object to that. The Court: You opened the door. I will allow it.
‘ ‘ Answer: That is right. ’ ’
Accordingly, in the opinion of the court, the notice of August 1, 1956 was not a notice in writing of “ such decision ” as required by the lease. There should be strict compliance with the provisions of the lease, particularly where a forfeiture is sought, and also particularly when, as in this case, the provisions of the lease relied upon substitute rights and remedies of the parties in lieu of statutory provisions enacted for the protection of tenants, in this case, section 227 of the Real Property Law. (See Getty v. Fitch, Cornell & Co., 107 Misc. 404, 407; Burgener v. O’Halloran, 111 Misc. 203, 209-210; Moskowitz v. Diringen, 48 Misc. 543, 546; Aee Holding Corp. v. Texas Co., 147 Misc. 470.)
The landlord argues that it does not matter whether he does rebuild or not, for even if he did not carry out his decision, the limitation of the term provided by the lease is effected (citing Airways Supermarkets v. Santone, 277 App. Div. 722, motion for leave to appeal denied 278 App. Div. 765). Proceeding from this premise, he argues that “ there can be no requirement that in his notice the landlord must definitely elect one or the other course.” The simple answer to this argument is that the lease might have so provided, but did not, and its specific terms may not be varied at the landlord’s pleasure. The landlord asks strict enforcement of the forfeiture clause but relaxation of the provisions which he himself drafted to effectuate it. This, the court refuses to do, nor has it the power to do. The testimony of the landlord clearly indicates in the opinion of the court that even at the time of the trial, he had not arrived at the decision required by the provisions of the lease.
Furthermore, in the opinion of the court, there is no conclusive proof that the premises were in fact untenantable. The lease does not describe the manner in which tenantability is to be determined. Under the clauses providing for limitation of the term, the premises must be either one, totally damaged, — and in this case, while it was substantially damaged, it was not totally damaged, —or were “ rendered wholly untenant-, able In either of these two events, the landlord must also decide “ not to restore or not to rebuild the premises ”. The language 11 not to restore or not to rebuild ” is utilized in the second paragraph of the notice of August 1, and in this regard *987 the question as to whether the premises were rendered wholly untenantable by fire must be resolved. The facts are that the tenant has continued to occupy the premises and do business in the premises. The cases cited by' the landlord, Weinberg v. Savitzky (93 N. Y. S. 485), and Bieser v. Morgenstern (167 N. Y. S. 945) hold that under the facts of those cases, the premises wore held untenantable by fire, but the Appellate Term in the Weinberg case (p. 487) recognized that continued occupancy after a fire may raise a presumption of tenantability although it is not conclusive evidence thereof and in both cases the Appellate Term clearly indicated that if in addition to continued occupancy the tenant was able to carry on his business after the fire, that might provide proof of tenantability. In both cases the Appellate Term was careful to note in support of its finding that the tenant could not carry on its business after the fire.
Violations have been placed upon the premises by the Department of Housing and Buildings, and are in evidence. But the landlord is not proceeding in his case upon the ground that continued occupancy may be in violation of the laws and regulations of the municipal authority. Notices of July 9, 1956 and July 12, 1956 of the Department of Housing and Buildings, in evidence, both permit repairs and do not necessarily require demolition. Any interpretation of the lease which will permit the landlord to evict the tenant before he has decided whether he will sell as is or will rebuild or demolish will effectuate a variation of the terms of the lease and will provide a means of forfeiture not contemplated by the parties when the lease was executed.
Petition dismissed without prejudice.